## JARRETT v. MOORE et al.

No. 21266. Opinion Filed Sept. 13, 1932.

94

C. H. Baskin, for plaintiff in error.

Anglin & Stevenson, for defendants in error.

HEFNER, J. This is an action brought in the district court of Hughes county by C. E. Jarrett against M. C. Moore and others to quiet title to the mineral rights in and to 80 acres of land located in that county, and to enjoin defendants from selling or in any other manner disposing thereof.

Plaintiff, in his petition, alleges that on or prior to the 13th day of July, 1920, he was the fee-simple owner of the premises, and that on that date he executed a mineral grant thereto to William Buck, giving the right to take the minerals therefrom for a period of 10 years; that thereafter, and on November 1, 1920, he conveyed the premises by warranty deed to defendant M. C. Moore; that in such conveyance he reserved to himself the mineral rights, subject only to the ten-year grant to William Buck. To his petition he attached the deed as an exhibit, and it in part provides:

"* * * Do hereby grant, bargain, sell and convey unto M. C. Moore, a married man, the following described real property and premises, situate in Hughes county, state of Oklahoma, to wit: * * * together with all the improvements thereon and the appurtenances thereunto belonging, and warrant the title to the same.

"To have and to hold said premises unto the said party of the second part, his heirs and assigns forever, free and clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and incumbrances of whatsoever nature, except all oil and gas rights and mineral rights held by William Buck."

Defendants demurred to the petition, which demurrer was by the court sustained, and judgment entered dismissing plaintiff's cause of action. Plaintiff elected to stand on his petition and has brought the case here for review.

It is his contention that the exception contained in the warranty clause of the deed operates to reserve to himself the minerals in and to the land. This contention cannot be sustained. No language is used in the deed indicating that it was the intention of the parties to reserve the minerals in the land to plaintiff. He expressly alleges in his petition that at the time of the execution of the deed there was an outstanding mineral grant in and to the premises held by William Buck. The exception contained in the deed, by express language, simply operates to except this grant from the covenant of warranty. The precise point here involved was decided against plaintiff by this court in the case of Echolustee Oil Co. v. Johnston, 153 Okla. 92, 3 P. (2d) 227. It is there said:

"The only reference to the mineral reservation in the deed is in the exception to the warranty clause and is as follows: 'Except valid agricultural and oil and gas leases and 1919 taxes and except an undivided one-fourth interest in and to the oil and gas and other minerals in and under said land the right to enter, prospect for, and remove said minerals, and that they will warrant and forever defend the same unto said party of the second part, his heirs and assigns, against said parties of the first part, their heirs and assigns, and all and every person or persons whomsoever, lawfully claiming or to claim the same.' The deed conveys a fee-simple title to the premises and contains no words reserving an undivided one-fourth interest in the minerals to the grantor. Held, that the language is not to be construed as reserving the minerals to the grantor, but as excepting them from the covenant of warranty."

Under the authority of that case, the judgment is affirmed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY. JJ., concur. CLARK, V. C. J., absent.

Note.—See under (1) 18 R. C. L. 1175, 1176; R. C. L. Perm. Supp. p. 4575; R.- C. L. Pocket Part, title "Mines and Minerals," § 84.