BASCOM v. MAXEY et al.

No. 30641. March 20, 1945.

*157 P. 2d 158.*

C. C. Williams, of Poteau, for plaintiff in error.

Varner & Varner, of Poteau, for defendants in error A. Maxey and LeFlore County Gas & Electric Company.

William H. Zwick, of Ponca City, for defendant in error Continental Oil Company.

RILEY, J. Plaintiff in error, herein referred to as plaintiff, on and prior to November 22, 1928, was the owner of a quarter section of land in Le Flore county. On that date, joined by his wife, he executed an oil and gas mining lease to the defendant LeFlore County Gas & Electric Company, covering all of said quarter section. The lease, by its terms, runs for ten years and as long thereafter as oil and gas, or either of them, is produced therefrom in paying quantities. Said lease provided for three classes of payments: Delay rentals of $40 per year for delay in drilling a well after November 22, 1930; ⅛ of all the gross proceeds from all gas used off the premises; and where gas is not sold or utilized off the premises, $250 per annum as royalty for each well.

On November 13, 1934, plaintiff and his wife executed a warranty deed whereby they conveyed to defendant Maxey the south half of said quarter section. Said deed, in the habendum clause, contained certain provisions hereinafter set out, which give rise to this controversy.

In 1938, within the initial term of the lease, defendant LeFlore County Gas & Electric Company drilled a well on the south 80 acres, which produced only gas in paying quantities.

About April 9, 1935, defendant Maxey executed a mineral deed to defendant Carl S. Ford, conveying an undivided one-half interest in the oil and gas mineral rights in said 80 acres of land. About April 20, 1935, Ford, by mineral deed, conveyed said undivided one-half interest to defendant Continental Oil Company.

February 5, 1941, plaintiff commenced this action, claiming all the royalty payments from said well and sought to quiet his title thereto and for an accounting between plaintiff and defendant LeFlore County Gas & Electric Company, and for cancellation of said lease for failure to pay the royalties claimed by him.

Plaintiff sets forth the deed of himself and wife to Maxey, and attaches copy of the lease and other deeds above mentioned to his petition and makes the same a part thereof, and relies upon the provisions contained in the habendum clause of his deed to Maxey as reserving in plaintiff all the oil and gas mining rights and royalties in said south half of said quarter section, and alleges nonpayment of any part thereof to him. The granting clause in said deed grants, bargains, sells, and conveys to A. Maxey the south half of the quarter section, describing it. The habendum clause contains the alleged reservation and reads:

"TO HAVE AND TO HOLD said described premises unto the said party of the second part, his heirs and assigns forever, free, clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and incumbrances of whatsoever nature except that the same is subject to an oil and gas mining lease to the LeFlore County Gas and Electric Company, a corporation, and in the event of the drilling of a well or wells upon the foregoing land all royalties or payments in lieu of production royalties shall be and become the property of grantee hereunder as fully as if the above described land had been separately leased and, likewise, future payments of delay rentals shall be paid to grantee upon the above described land in proper proportion as the same bears to the whole area covered by said original lease, and grantee shall have full right and power to separately contract relative thereto

as fully as if the original lease had been made upon the above described land independent of the remaining portion of lands covered by the said original lease, so that grantors herein shall have and retain no rights whatever in common thereto or therein."

Plaintiff prays for cancellation of the mineral deeds from Maxey to Ford and from Ford to Continental Oil Company, for an accounting against LeFlore County Gas & Electric Company, and for the cancellation of its lease. Defendant Ford filed a disclaimer and the other defendants filed separate general demurrers which were sustained. Plaintiff elected to stand on his petition, whereupon judgment was entered dismissing the same, and plaintiff appeals by petition in error and transcript.

The only question is whether the provisions in the habendum clause of the deed from plaintiff to Maxey constitute a reservation of the oil and gas mineral rights in and to the south half of said quarter section, subject only to the oil and gas lease.

All the decisions of this court, including those cited by plaintiff, hold that exceptions in the habendum clause of a warranty deed cannot be held as reservation of any part of the title conveyed by the granting clause, but must be construed only as excepting them from the covenant of warranty. Echolustee Oil Co. v. Johnston et al., 153 Okla. 92, 3 P. 2d 227. Plaintiff concedes that this is the general rule, but cites Brock v. Warner-Caldwell Oil Co. et al., 188 Okla. 322, 108 P. 2d 217, which holds:

"In construing a deed, the court must ascertain the grantor's intention from the entire instrument, without undue reference to any part; and technical meaning of words must be held to give way to the manifest intent of the parties. Porter v. Warner-Caldwell Oil Co., 183 Okla. 1, 80 P. 2d 252."

Plaintiff contends that under the rule there stated, construing the instrument as a whole, the exception in the habendum clause of the deed shows that it was the intention of the parties to except from the grant, or reserve in the grantors, the oil and gas mining rights or royalties under the lease in and to the whole 160 acres.

This contention cannot be sustained under the authorities since they all hold that ordinarily exceptions contained in the habendum clause of a warranty deed are not to be construed to be reservations of interest by the grantor but are merely exceptions from the warranty. Plaintiff, however, contends that granting that to be the rule, defendant Maxey cannot claim more than one-half of the production royalty from the well located on the land which he purchased, since the exception, in effect, recites that the grant is subject to the oil and gas mining lease, and that the lease provides that if the leased premises should later be owned in severalty, or in separate tracts, the premises nevertheless should be developed and operated as one lease and all royalties accruing thereunder should be treated as an entirety and be divided among and paid to such separate owners in the proportion that the acreage owned by each separate owner bears to the entire leased acreage.

Had the provision in the habendum clause gone no further than stating that the grant is subject to the oil and gas lease, there would be merit in plaintiff's contention. But the provision goes much further and provides:

". . . in the event of the drilling of a well or wells upon the foregoing land all royalties or payments in lieu of production royalties shall be and become the property of the grantee hereunder as fully as if the above described land had been separately leased . . ."

Considering this language in connection with the provisions of the oil and gas lease providing for payment of royalties from wells which produced gas only, the intention of the parties is clear.

The provision referred to is shown by an amendment in writing of the original lease, in the nature of an "Agreement to Change Gas Royalty" entered into September 25, 1930, pleaded in plaintiff's petition, a copy of which is at-

tached thereto as Exhibit D. It is an amendment to paragraph 4 of the original lease. First, it provides for payment by the lessee to the lessor, as royalty from wells where gas only is found, the equal one-eighth of the gross proceeds of all gas used off the premises; second, where such gas is not sold or utilized off the premises, lessee is to pay lessor $250 per annum as royalty from each well. The first is what is referred to in the deed as "all royalties." The second is what is referred to as "payment in lieu of production 'royalties." The clause in the deed referred to clearly and in plain language says that in case of the drilling of a well or wells on the land conveyed, namely, the south 80 acres, then, in that event, "all royalties or payments in lieu of production royalties shall be and become the property of grantee hereunder as fully as if the above described land had been leased separately.". This language means and can mean nothing less than that the grantee (Maxey) should have all royalties or payments in lieu of production royalties from any well or wells that might be drilled upon the 80 acres of land conveyed to him by the deed.

·The deed then provides that future payments of delay rentals should be paid to grantee in proportion to the whole acreage covered by the original lease. Then, to make the matter doubly clear, there was added the additional clause providing that the grantee should have full right and power to separately contract relative ·thereto as fully as if the original lease had been made upon the land independent of the remaining portion of land covered by the original lease so that the grantors should have and retain no rights whatever in common thereto or therein.

Construing the deed in its entirety without undue reference to any part, so as to give effect to the manifest intention of the grantor, as we must under the rule stated in Porter v. Warner-Caldwell Oil Co., supra, and Brock v. Warner-Caldwell Oil Co., supra, it is clear that plaintiff intended to and did part with every vestige of interest in the royalties or payments in lieu of pro-

duction royalties from any well or wells thereafter drilled upon the land conveyed to Maxey. All this appears from plaintiff's petition and the exhibits attached thereto. It clearly appears that plaintiff has no interest whatever in the land involved or the royalty or payments under the lease as applied to said 80 acres conveyed to Maxey, and the several demurrers were properly sustained.

Judgment affirmed.

GIBSON, C.J., HURST, V.C.J., and BAYLESS, CORN, and ARNOLD, JJ., concur. ·