. WESTCOTT v. BOZARTH et al.

No. 33456. Nov. 1, 1949:

*211 P. 2d 258.*

Brown & Verity and Cargill, Eagleton & Cargill, all of Oklahoma City, for plaintiff in error.

Robinson, Shipp & Robertson, of Oklahoma City, for defendants in error.

WELCH, J. W. F. Westcott claimed to be the owner of the fee-simple title in and to all of blocks 8 to 10, inclusive, in May Dell Tracts Addition to Oklahoma City, and brought an action to quiet title thereto.

Defendants, E. L. Bozarth and Ethel L. Bozarth, claim to be the owners of 15/16th of the mineral rights therein, and by way of cross-petition ask that the title in and to such interest be quieted in them.

The trial court denied plaintiff's claim and rendered judgment in favor of defendants on their cross-petition quieting title in them in and to the mineral interest claimed.

Plaintiff appeals and asserts that the judgment is contrary to law.

It appears that on the 23rd day of May, 1925, defendants, who it is stipulated were then the owners of the fee-simple title in and to said premises, by warranty deed conveyed the same to Laura Nunes Moore, and G. D. Moore. The granting clause of the deed conveys the full fee-simple estate. In the habendum clause of the deed immediately following the warranty clause appears the following exception:

"except 15/16 of all mineral rights reserved on Blocks Eight (8) Nine (9) Ten (10) in May Dell Tracts Addition to Oklahoma City, Oklahoma, as the same are shown on the recorded plat thereof."

Thereafter and through subsequent conveyances plaintiff became the owner of the premises and was such owner at the time this action was commenced.

There is no dispute as to the facts; the only dispute between the parties is as to the construction which should be given to the exception appearing in the habendum clause of the deed. Defend-

ants contend that such exception should be construed as reserving from the conveyance 15/16ths of all the mineral rights in and to the premises conveyed. While plaintiff contends that the exception contained in the deed merely excepted 15/16ths of the minerals from the covenant of warranty. In support of such contention he relies on Echolustee Oil Co. v. Johnston, 153 Okla. 92, 3 P. 2d 227; and Jarrett v. Moore, 159 Okla. 93, 14 P. 2d 390.

In the Echolustee case we had under consideration the following exception appearing in the habendum clause of the deed:

"Except valid agricultural and oil and gas leases and 1919 taxes and except an undivided one-fourth interest in and to the oil and gas and other minerals in and under said land and the right to enter, prospect for, and remove said minerals. . . ."

We · there held that the language used in the exception could not be construed as reserving the minerals to the grantor, but should be construed as exempting them from the covenant of warranty. In that case we, however, said:

"We do not say that a reservation cannot be made in the warranty clause, but we do say that we do not think the one under consideration makes a reservation of the minerals, but the language rather leads us to believe that it was the intention of the parties to refuse to warrant the premises against an undivided one-fourth interest in the minerals just as they refused to warrant the premises against an oil and gas lease and the 1919 taxes. There are no apt words which properly reserve or carve out of the conveyance the one-fourth mineral interest."

In the case of Jarrett v. Moore, supra, we had before us for consideration substantially the same form of exception and reached the same conclusion.

These cases are not applicable to the exception here under consideration. In the present case there are apt words contained in the exception which properly reserve or carve out of the conveyance 15/16ths of all the minerals. The language used in the exception is "except 15/16 of all mineral rights reserved," and we think clearly expresses the intent of the grantors to reserve from the conveyance such interest. Plaintiff's contention that the exception should be construed as merely excepting 15/16ths of the mineral rights from the covenant of warranty cannot be sustained.

Plaintiff further contends that since the granting clause clearly conveys the entire fee, such estate cannot be defeated or lessened by contrary language contained in the habendum clause of the deed.

Numerous early decisions, some of which are cited by plaintiff, sustained such contention. The modern rule, however, is to the contrary.

In Summers on Oil and Gas, vol. 1, p. 327, §134, it is said:

"In a few cases it has been contended by counsel, that where a grantor grants land in fee and in a later clause of the deed excepts from the grant the oil and gas or other minerals, the exception is void, because repugnant to the grant, but the courts refuse to follow this ancient rule of construction preferring the modern viewpoint to the effect that the all-important consideration in the construction of a deed is the intention of the parties to be gathered from the instrument as a whole."

In the case of Breidenthal v. Grooms, 161 Okla. 74, 17 P. 2d 688, we held:

"Where the intention of the parties is clearly expressed by an explanatory clause incorporated in the habendum clause, or in a separate clause, the latter may control over the granting clause of the deed."

In that case, we further said:

"A more modern rule, and that now followed by the greater number of courts, is that the whole deed and every part thereof is to be taken into con-

sideration in determining the intent of the grantor, and clauses in the deed subsequent to the granting clause are given effect so as to curtail, limit or qualify the estate conveyed in the granting clause."

Numerous cases from different states appearing in the annotation 85 A. L. R. 1064 support the above statement.

In the case of Carter Oil Co. v. Weil, 209 Ark. 653, 192 S. W. 2d 215, the Supreme Court of Arkansas held an express reservation of oil and mineral rights in a separate paragraph of the deed immediately following the habendum clause of the deed was not void as creating an estate repugnant to the granting clause.

In Associated Oil Co. v. Hart, 277 S. W. 1043, the Supreme Court of Texas sustained a mineral reservation appearing in the habendum clause of the deed as against the contention that such reservation was void as being repugnant to the granting clause.

In the case of Beasley v. Shinn, 201 Ark 31, 131 A. L. R. 1234, 144 S. W. 2d 710, the rule is thus stated in paragraph one of the editorial syllabus:

"The rule that no effect can be given to a reservation in a habendum clause where to do so would impair or cut down the estate conveyed by the granting clause of the deed is inapplicable to mineral reservations, where the parties clearly intended to create the reservation, and the circumstances are such that the grantee and his subsequent transferees could not possibly have been misled or deceived by the language of the deed."

We think it clear from the language used that the grantors intended to reserve from the conveyance 15/16ths of all minerals, and that neither the grantee nor subsequent transferees could have been misled or deceived by the language used.

We conclude that the grantors by the language used in the habendum clause of the deed reserved from the conveyance 15/16ths of all minerals and that the reservation is not void as being repugnant to the granting clause.

Judgment affirmed.

DAVISON, C. J., and CORN, GIBSON, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.