ROSE et al. v. COOK.

No. 34750.   Feb. 12, 1952.

Rehearing Denied April 8, 1952.

Application for Leave to File Second
Petition for Rehearing Denied
Dec. 16, 1952.

*250 P. 2d 848.*

Richardson, Shartel & Cochran and Joseph G. Ruck, Oklahoma City, for plaintiffs in error Geo. L. Rose, Kent B. Hayes, Margaret H. Vose, and Jodie Ball.

R. O. Wilson and Harold Skinner, Ponca City, for plaintiff in error Continental Oil Corporation.

Fellows & Fellows, Tulsa, for plaintiff in error Stanolind Oil & Gas Company.

Embry, Johnson, Crowe, Tolbert & Shelton and Calvin Boxley, Oklahoma City, for plaintiff in error Liberty National Bank & Trust Company of Oklahoma City, guardian of the estate of Geo. L. Rose, an incompetent.

France, Johnson, Gordon & Cook and Murray Gordon, Oklahoma City, for defendant in error.

O'NEAL, J. This is an action to quiet title to an undivided mineral interest in a ten-acre tract of land in Garvin county, Oklahoma. Rowe Cook, plaintiff below, based his claim on two mineral deeds executed by Tecumseh Morris and wife, as grantors, to Rowe Cook, as grantee, purporting to convey an undivided one-half interest in the northwest quarter of the northwest quarter of the southwest quarter of section 35, township 3 north, range 3 west of the I. B. & M., Garvin county, Oklahoma.

Prior to these conveyances Tecumseh Morris and wife, the owners of the land, executed and delivered a warranty deed conveying the described land to Crockett Scrivner, the predecessor in title to all of the named defendants herein. Rowe Cook admits in his pleadings that the warranty deed from Tecumseh Morris and wife to Crockett Scrivner was executed prior to the mineral deeds referred to, but that under the warranty deed Tecumseh Morris reserved an undivided one-half interest in the minerals. The defendants claim that under the warranty deed Tecumseh Morris was divested of the entire fee title in the land. All of the named defendants filed motions for judgment on the pleadings. Plaintiff joined in a like motion. The trial court overruled defendant's motions and sustained plaintiff's motion and thereupon rendered judgment in favor of plaintiff quieting title to an undivided one-half mineral interest in plaintiff.

The parties are referred to as plaintiff and defendants as their position appeared in the trial court.

Only one question is presented on the record. If the deed in question passed the entire fee title of the grant-

or, Tecumseh Morris, the judgment of the lower court must be reversed. If the deed contained a reservation of an undivided one-half of all mineral rights, royalties and oil and gas lease moneys in the grantor, then the judgment must be affirmed.

Defendants contend that the warranty deed shows on its face that the grantors intended to convey whatever interest they owned and only to limit their warranty by the excepting clause contained in the deed. Plaintiff contends that the warranty deed shows on its face that the grantors excepted and reserved from the grant to the grantees an undivided one-half interest in the oil, gas and other minerals. The pertinent provisions of the deed are as follows:

"Know All Men by These Presents:

"That Tecumseh Morris and Lena Morris husband and wife of Grady County, State of Oklahoma, parties of the first part, in consideration of the sum of One Dollar and other good and valuable considerations Dollars in hand paid, the receipt of which is hereby acknowledged, does hereby Grant Bargain, Sell and Convey unto Crockett Scrivner of Pauls Valley, Okla. of Garvin County, State of Oklahoma, party of the second part, the following described real property and premises, situated in Garvin County, State of Oklahoma, to-wit:

"The Northwest quarter of the Northwest quarter of the Southwest quarter of Section 35 Thirty Five Township (3) Three North, Range (3) Three West of the I. B. & M.

together with all the improvements thereon and the appurtenances thereunto belonging, and warrant the title to the same.

"To Have and To Hold Said described premises unto the said party of the second party (sic) heirs and assigns forever, free, clear and discharged of and from all former grants, charges, taxes, judgments, mortgages, and other liens and incumbrances of whatsoever nature Except an undivided one-half of all the mineral rights, royalties and oil and gas lease moneys.

"Signed and Delivered this 8 day of February 1929.

"Tecumseh Morris
"Lena Morris."

Both plaintiff and defendants in brief assert that the deed from Tecumseh Morris and wife to Crockett Scrivner is clear and unambiguous and in construing the effect thereof the court cannot look beyond its four corners. We agree with this contention of counsel.

Authorities in support thereof are the following: Anthis v. Wheeler, 136 Okla. 199, 278 P. 1081; Cridland v. Franklin, 191 Okla. 650, 132 P. 2d 323; Investors Royalty Co., Inc., v. Lewis, 185 Okla. 302, 91 P. 2d 764, and Jennings v. Amerada Petroleum Corp., 179 Okla. 561, 66 P. 2d 1069.

In Jennings v. Amerada Petroleum Corporation, supra, the court stated:

"The general rule is that the granting clause in a deed determines the interest conveyed."

These decisions are in conformity to our statute on interpretation of contracts, 15 O. S. 1951 §155:

"When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, . . ."

15 O. S. 1951 §154:

"The language of a contract is to govern its interpretation if the language is clear and explicit, and does not involve an absurdity."

15 O. S. 1951 §157:

"The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the others."

Plaintiff's counsel suggests that we should give consideration to the mechanical construction of the deed as well as its grammatical construction, and particularly as to its punctuation and the position of the granting clause, habendum and reddendum clauses, as well as their juxtaposition.

As this court is definitely committed to the so-called "four corners doctrine" or "entire instrument doctrine," we do not deem it necessary to discuss these suggestions in detail. Breidenthal v. Grooms, 161 Okla. 74, 17 P. 2d 688; Porter v. Warner-Caldwell Oil Co., 183 Okla. 1, 80 P. 2d 252; Bascom v. Maxey, 195 Okla. 259, 157 P. 2d 158. In Paschall v. Royalties, Inc., 198 Okla. 646, 181 P. 2d 558, we said:

"In construing a deed, the court must ascertain the grantor's intention from the entire instrument without undue reference to any part; and technical meaning of words must be held to give way to the manifest intent of the parties."

In 16 Am. Jur., Deeds, §237, p. 571, the author states:

"In other words, the doctrine which regarded the granting clause, the habendum, and the tenendum as separate and independent portions of the same instrument, each with its special function, is becoming obsolete in this country, and a more liberal and enlightened rule of construction obtains, which looks to the whole instrument without reference to formal divisions in order to ascertain the intention of the parties, and does not permit antiquated technicalities to override the plainly expressed intention of the grantor or regard as very material the part of the deed in which such intention is manifested."

Counsel for each of the parties cite as controlling decisions in support of their opposite views our decision in Bascom v. Maxey, 195 Okla. 259, 157 P. 2d 158; Jarrett v. Moore, 159 Okla. 93, 14 P. 2d 390, Wescott v. Bozarth, 202 Okla. 149, 211 P. 2d 258. We will consider these cases in their order.

In Bascom v. Maxey, supra, we said:

"In construing a deed, the court must ascertain the intention of the grantor from the entire instrument, without undue reference to any part."

Bascom, the fee owner of a quarter section of land, leased the same for oil and gas development. At a later date Bascom sold Maxey the south 80 acres of this land. The habendum clause contained an alleged reservation of mineral interests (a) except the same is subject to an oil and gas mining lease, (b) if wells are drilled upon the land conveyed all royalties shall become the property of the grantee as if separately leased by him; (c) grantee shall have the right to separately contract relative thereto; (d) that the grantors shall have and retain no right whatever in common thereto or thereon. As we view the habendum clause, it clearly expressed the intent of the grantor to convey his entire interest in the fee to the south 80-acre tract free of any exception or reservation in mineral rights thereunder. This court stated that under our decisions, exceptions in an habendum clause of a warranty deed cannot be held as reservations of any part of the title conveyed by the granting clause, but must be construed only as excepting them from the covenant of warranty. Citing in support thereof Echolustee Oil Co. v. Johnston, 153 Okla. 92, 3 P. 2d 227.

In Jarrett v. Moore, supra, the facts disclose that Jarrett, the fee owner, executed a mineral grant to Buck granting the privilege for ten years to take minerals from the land. Shortly thereafter Jarrett conveyed the land by warranty deed to Moore. Jarrett claimed that under the deed he reserved the mineral rights subject to the ten year grant to Buck. The warranty deed contained the provisio that the premises conveyed were unincumbered " 'except all oil and gas rights and mineral rights held by William Buck.' " This court held that Jarrett's contention that the deed reserved mineral rights in him could not be sustained. The decision is based on the court's conclusion that no language is used in the deed indicating that it was the intention of the parties to reserve the minerals in the land to Jarrett. This court in its syllabus stated:

"Under the authority of the case of Echolustee Oil Co. v. Johnston, 153

Okla. 923 P. .2d 227, the exception contained in the deed in question cannot be construed as a reservation in plaintiff of the mineral rights in the premises conveyed, but must be construed as excepting them from the covenant of warranty."

In Westcott v. Bozarth, supra, the facts disclose that in 1925, defendants, owners of lots in Oklahoma City, conveyed the same to Moore by warranty deed. The habendum clause recited: "Except 15/16ths of all minerals rights reserved" in said described lots. Plaintiff subsequently acquired title to the lots and sued the defendant Bozarth to quiet title thereto. Bozarth pleaded ownership of the 15/16ths interest in the mineral rights under the reservation in his deed to Moore. This court held:

"The reservation of mineral rights appearing in the habendum clause of a deed will control over the granting clause where the intention of the grantor to create such reservation is clearly expressed."

So, in the three cases upon which both parties rely as controlling decisions in support of their opposite construction of the deed, we find that in the case of Bascom v. Maxey, supra, and the case of Jarrett v. Moore, supra, this court held that the language used in the warranty clause could not be construed as reserving the minerals in the grantor, but each should be construed as exempting them from the covenants of warranty; that in the Westcott v. Bozarth case, supra, we held there was a clear intention on the part of the grantor to reserve the 15/16ths mineral interest; that the language used in the exception there is "except 15/16ths of all mineral rights reserved," which expressed by apt and appropriate words a clear intention by the grantor not to include this mineral interest under the general granting clause in the deed.

We are of the view that the present case is governed by our decisions in Echolustee Oil Co. v. Johnston, 153 Okla. 92, 3 P. 2d 227. The warranty clause in the deed there construed was as follows:

" 'And said first parties, their heirs, executors, or administrators, do hereby covenant, . . . that the same are free, clear and discharged and unincumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments, and encumbrances, of whatsoever nature and kind except valid agricultural and oil and gas leases and 1919 taxes and except an undivided one-fourth interest in and to the oil and gas and other minerals in and under said land and the right to enter, prospect for and remove said minerals, and that they will warrant and forever defend the same unto said party of the second part, his heirs and assigns, against said parties of the first part, their heirs and assigns, and all and every person or persons whomsoever, lawfully claiming or to claim the same. . . .' "

This court in construing that provision held:

"The only reference to the mineral reservation in the deed is in the exception in the warranty clause and is as follows: 'Except valid agricultural and oil and gas leases and 1919 taxes and except an undivided one-fourth interest in and to the oil and gas and other minerals in and under said land the right to enter, prospect for and remove said minerals, and that they will warrant and forever defend the same unto said party of the second part, his heirs, and assigns against said parties of the first part, their heirs and assigns, and all and every person or persons whomsoever, lawfully claiming or to claim the same.' The deed conveys a fee-simple title to the premises and contains no words reserving an undivided one-fourth interest in the minerals to the grantor. Held, that the language is not to be construed as reserving the minerals to the grantor, but as excepting them from the covenant of warranty."

There is a striking similarity of expression in the warranty clause in the Echolustee v. Johnston case and the instant case. The Echolustee warranty excepts (a) oil and gas leases, (b) an undivided one-fourth interest in and to

the oil and gas, (c) and other minerals in and under said land, and (d) the rights to prospect for and remove said minerals.

The warranty clause in the present case reads: "Except an undivided one-half of all the mineral rights, royalties and oil and gas lease moneys."

Under our decisions the reservation need not be expressed in the granting clause of the deed, but may be contained in the warranty clause, the habendum, or the reddendum clause, or, as we have said, within the four corners of the instrument. To create a reservation it must appear from the instrument that the grantor intended to and by appropriate words expressed the intent to reserve an interest in himself. Otherwise, the exception must be construed as an exception to the warranty.

The trial court's judgment sustaining plaintiff's motion for judgment on the pleadings is reversed. The case is remanded for further proceedings in conformity to the views herein expressed.

HALLEY, V. C. J., and WELCH, GIBSON, JOHNSON, and BINGAMAN, JJ., concur. CORN, J., dissents.