George G. BIRMINGHAM, Jr., George Bir-
mingham, George Asthalter, William Wag-
ner, Samuel Lasky, Walter Toaspern,
Edson J. Tegler, Joseph R. Fersch, Clif-
ford Poley, H. L. Wilson, William S.
Bailey, Jr., S. E. Vance, Alice Wilson and
Verdalee Wilson Taylor, Plaintiffs in
Error,

v.

Pearlie McCOY, Ernest Jackson, Fessie Pink,
Opal Phillips, O. D. Jackson, Pearlie McCoy
as Administratrix of the Estate of I. N.
Johnson, deceased, Ophelia Fuller, Alonzo
Fuller, Arthur Fuller, Ruth Lewis, Boyree
Morris, Marie Morris and June Morris,
Defendants in Error.

No. 37983.

Supreme Court of Oklahoma.

Aug. 2, 1960.

Rehearing Denied Jan. 31, 1961.

L. K. Pounders, Bristow, Okl., for plaintiffs in error, Verdalee Wilson Taylor and Alice Wilson.

W. F. Semple, Tulsa, Okl., for plaintiffs in error, George G. Birmingham, Jr., and all other plaintiffs in error except Verdalee Wilson Taylor and Alice Wilson.

W. L. Cheatham, Bristow, Okl. and George H. Jennings, Sapulpa, Okl., for defendants in error.

BERRY, Justice.

In this action, plaintiff in error, George G. Birmingham, Jr., as the owner of an undivided interest in an oil and gas lease pur-

portedly covering the E/2, NE/4, Sec. 18, T. 14N, R. 9E, Creek County, Oklahoma, sought judgment decreeing that (1) neither I. N. Johnson nor his heirs had any right, title or interest in the minerals underlying a certain portion of the above described real estate; that (2) neither Mittie Lee Tomlin nor her heirs had any right, title or interest in the minerals underlying another portion of said 80 acres; that (3) his title be quieted as to persons named in the petition as defendants. Plaintiffs in error, George Birmingham, George Asthalter, William Wagner, Samuel Lasky, Walter Toaspern, Edson J. Tegler, Joseph R. Fersch and Clifford Poley, as the owners of the remaining undivided interest in said oil and gas lease, filed a petition in intervention in which they adopted the allegations of George G. Birmingham, Jr.'s petition and sought the same relief that the latter sought. The referred-to plaintiffs in error will be referred to herein as "lessees".

The pleadings and evidence develop and show that the issues presented by this action are these:

First, did a warranty deed, hereafter referred to as "Johnson deed" in which L. L. Wilson and Verdalee Wilson, his wife, and Alice Wilson were grantors and I. N. Johnson was the grantee, serve to convey 30, 20, 3 or approximately 4.5 acres of land, and did said grantors reserve one-half the minerals underlying the land conveyed? Prior to institution of this action L. L. Wilson and I. N. Johnson died. Wilson's heirs are Verdalee Wilson, now Taylor, and Alice Wilson. They are plaintiffs in error. Johnson's heirs are Pearlie McCoy, Ernest Jackson, Fessie Pink, Opal Phillips and O. D. Jackson. They are defendants in error.

Second, did a warranty deed, hereafter referred to as "Tomlin deed" in which L. L. Wilson and Verdalee Wilson were grantors and Mittie Lee Tomlin was grantee, serve to convey title to the surface only of the land intended to be conveyed or did same serve to convey to grantee grantor's remaining undivided one-fourth interest in the minerals underlying said land? Mittie

Lee Tomlin died prior to the institution of this action. At the time of trial Mittie Lee Tomlin's heirs were defendants in error, Ophelia Fuller, Alonzo Fuller, Arthur Fuller, Ruth Lewis, Boyree Morris, Marie Morris and June Morris.

The oil and gas lease in controversy was not executed by either I. N. Johnson nor Mittie Lee Tomlin nor their heirs.

Prior to the institution of this action, a test well for oil and gas was completed as a producer on the land covered by the oil and gas lease.

The land first herein described was allotted to L. L. Wilson. Prior to execution of the deeds heretofore referred to, plaintiffs in error, William S. Bailey, Jr., and S. E. Vance acquired one-half of the minerals underlying the land conveyed by the Johnson deed and three-fourths of the minerals underlying the land conveyed by the Tomlin deed. No controversy in fact exists between Bailey and Vance and the other parties to this action.

The trial court found and held that the Johnson deed conveyed all of the land therein described and minerals underlying same that were owned by Wilson as of date of conveyance, or 20 acres of land and one-half of the minerals, and that Johnson's heirs owned said land and minerals; that the Tomlin deed conveyed the land that was intended to be conveyed by said deed and one-fourth of the minerals underlying same, and that Tomlin's heirs owned said land and minerals; that a test well for oil or gas had been completed as a producer on the E/2 of the NE/4; that the heirs of Johnson and Tomlin were entitled to share in the production from said well; that lessees' oil and gas lease was "null and void" in so far as same purported to cover the interest of the heirs of Johnson and Tomlin. From order denying their motion for new trial, plaintiffs in error perfected this appeal.

We will first consider the Johnson deed which is under date of June 19, 1942. The pertinent portions of said deed read as follows:

"Grant, bargain, sell and convey unto the said parties of the second part, the following described real property situate in Creek County, Oklahoma, to-wit: Beginning at the Southeast corner of the NE¼ of the NE¼ going North 40 rods, thence due West 120 rods, thence due South 40 rods thence due East 120 rods to point of beginning, containing 3 acres, more or less. Section 18, Township 14 North, Range 9 East.

"Said Grantors expressly reserving to themselves, an undivided one-half interest in and to the mineral rights herein. To have and to hold the same together with all and singular the tenements, hereditaments and appurtenances thereunto belonging, or in any wise appertaining forever."

A general warranty provision follows the above quoted language.

The questions posed in connection with said deed are (1) the number of acres that the parties contended should be conveyed thereby and (2) did the grantor reserve one-half of the minerals underlying the land which was in fact conveyed.

■ The area described by metes and bounds is 30 acres and embraces 10 acres in the W/2 of the NE/4 that was not owned by Wilson. The metes-and-bounds description is followed by the statement that said description contains "3 acres, more or less". In view of the fact that the metes-and-bounds description embraces 10 acres not owned by Wilson, and the further fact that said description is stated to contain 3 acres more or less, it is apparent that a mistake was made in describing the property and that the description is in fact ambiguous. 76 C.J.S. Reformation of Instruments § 42 c. (2), p. 390. The identity of the property intended to be conveyed must therefore be gathered from the deed and surrounding circumstances. Lowery v. Westheimer, 58 Okl. 560, 160 P. 496; Trumbla et al. v. State, etc., 191 Okl. 119, 126 P.2d 1015; 26 C.J.S. Deeds § 100 d, p. 871.

The facts bearing upon the intention of the parties to the Johnson deed are these: A witness testified that he was present when Wilson and Johnson were negotiating and that it was understood that Wilson was selling and Johnson was buying only 3 acres. Another witness testified that Johnson stated that he only purchased 3 acres from Wilson but wished to purchase more. Witnesses testified that the land sold was measured by "stepping off" same; that Johnson subsequently fenced the land so measured which was a tract 291 feet wide and 670 feet long (approximately 4½ acres); that Johnson built a residence on the land so fenced and that he at no time exercised dominion over any of the land lying outside the fenced area. In Pearlie McCoy's petition for letters of administration of the estate of I. N. Johnson she stated that Johnson's property included "3 acres in the Southeast corner of" the section heretofore described. In assessing the land for ad valorem taxes in 1943 Johnson stated that the number of acres in the tract that Wilson conveyed to him was 3 acres and stated that the value of the land was $60.00. There was evidence to the effect that this was the amount that Johnson paid Wilson for the land.

We are of the opinion that the trial court's finding that the Johnson deed conveyed 20 acres is clearly against the weight of the evidence and applicable rules of construction.

■ To our way of thinking, it is patent that Wilson cannot be said to have intended to convey land which he did not own. It cannot, therefore, be said that he intended to convey the West 10 acres embraced by the metes-and-bounds description. And since Wilson did not intend to convey all of the land covered by said description, the number of acres that he intended to convey must be determined. It is stated in the deed that the metes-and-bounds description contains 3 acres. Should this statement prevail? We are of the opinion that because of the conflict in this statement and the metes-and-bounds description

the posed question must, under the facts, be answered in the negative. We are of the further opinion that because of the conflicting language used in describing the land conveyed, the fact that the parties measured the land intended to be conveyed, which land was fenced and improved by Johnson, and the further fact that Johnson at no time sought to assert possession or control of any land except that which he fenced, are of controlling significance and established that Wilson intended to sell and Johnson intended to buy only that area which was measured and fenced, or approximately 4.5 acres. In Lowery v. Westheimer et al., supra, this is said in the third paragraph of the syllabus:

"Where the meaning of the terms used in a deed is not clear, the subsequent acts of the parties showing the construction they have put upon the same themselves before the land became a subject of controversy are to be looked to by the court."

Sec. 174, p. 536, 16 Am.Jur. "Deeds", reads in part as follows:

" * * * Therefore, where the construction of a deed is doubtful, great weight is to be given to the construction put upon it by the parties, especially in the case of doubtful questions which must be presumed to be within their knowledge, and such practical interpretation of the parties themselves by their acts under a deed is entitled to great, if not controlling, influence."

It is settled law in this jurisdiction that the cardinal rule to be applied in construing deeds is to ascertain the intent of the parties. Case et al. v. Case, 207 Okl. 681, 252 P.2d 432, and Dwelle v. Greenshields et al., Okl., 305 P.2d 1038.

The Johnson deed should be reformed so as to show that only that portion of the land which was measured and fenced was in fact conveyed.

The trial court found and held that the Johnson deed did not serve to reserve in Wilson one-half of the minerals underlying the land conveyed to Johnson. We agree.

On its face the Johnson deed clearly conveys one-half of the minerals underlying the land conveyed, title to which one-half interest was warranted by Wilson. Wilson's heirs contend, however, that the Johnson deed conveyed only the surface and none of the minerals. This contention is predicated upon the proposition that as of date of the conveyance, Wilson, as reflected by the records of the county clerk, owned only one-half the minerals; that since he reserved one-half of the minerals none were conveyed; that the general warranty provision should not be considered as enlarging upon the estate conveyed; that Johnson and his successors' remedy was an action for damages resulting from breach of the warranty. We are unable to agree with this contention.

In Duhig et al. v. Peavy-Moore Lbr. Co., Inc., 135 Tex. 503, 144 S.W.2d 878, 879, the grantor of a tract of land to Duhig reserved one-half of the minerals. This deed was recorded. Duhig subsequently, by warranty deed, conveyed the tract. In said conveyance it was stated "But it is expressly agreed and stipulated that the grantor herein (Duhig) retains an undivided one-half interest in and to all mineral rights or minerals of whatever description in the land." This deed was also recorded.

Duhig's heirs at a later date asserted ownership to one-half the minerals underlying the tract which had been retained or reserved by Duhig. In holding against said heirs, the court pointed out that (1) the granting clause of the Duhig deed purported to convey the surface and all of the mineral estate; that (2) in using the word "retain" it was indicated that Duhig reserved one-half the minerals; that (3) Duhig breached his warranty; that (4) a grantor is prohibited from asserting title in contradiction of his warranty. In the concluding portion of the cited case, this is said:

"8. We recognize the rule that the covenant of general warranty does not

enlarge the title conveyed and does not determine the character of the title. Richardson v. Levi, 67 Tex. 359, 365–366, 3 S.W. 444; White v. Frank, 91 Tex. 66, 70, 40 S.W. 962. The decision here made assumes, as has been stated, that Duhig by the deed reserved for himself a one-half interest in the minerals. The covenant is not construed as affecting or impairing the title so reserved. It operates as an estoppel denying to the grantor and those claiming under him the right to set up such title against the grantee and those who claim under it."

We held in substance in Murphy et al. v. Athans et al., Okl., 265 P.2d 461, that where a grantor conveys land by warranty deed but excepts one-half the minerals, he is estopped to assert title to said mineral interest where one-half the minerals have been conveyed prior to his conveyance.

The lessees and heirs of Johnson and the administratrix of his estate filed herein a partial dismissal of this appeal in so far as same involves the issues between said parties. A copy of an agreement attached to said dismissal indicates that the referred-to parties have compromised and adjusted their differences.

We next consider the Tomlin deed. The sole issue presented by this appeal is whether this deed served to convey Wilson's remaining one-fourth interest in the minerals underlying the land that was intended to be conveyed by said deed. The pertinent portions of the deed read as follows:

"Grant, bargain, sell and convey unto said party grantee, her heirs and assigns all of the following described real estate, situate in the County of Creek, State of Oklahoma, to-wit (describing property):

"To Have And To Hold The Same, together with all and singular the hereditaments, tenements and appurtenances thereto belonging or in any wise appertaining forever.

"And said parties grantors, heirs, executors, and administrators, does hereby covenant, promise and agree to and with said party grantee, at the delivery of these presents that they lawfully seized in their own right of an absolute and indefeasible estate of inheritance in fee simple, of and in all and singular the above granted and described premises, with the appurtenances; that the same are free, clear, and discharged of and unencumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and encumbrances of whatsoever nature, and kind, Except: No royalties—and that party grantor will Warrant And Forever Defend the same unto the said party grantee, her heirs and assigns, against said party grantor, heirs or assigns and all and every person or persons whomsoever lawfully claiming or to claim the same."

 But for the phrase "no royalties" appearing in the warranty provision of the Tomlin deed, said deed unquestionably conveys a fee simple title to the land that was intended to be conveyed. The quoted phrase did not serve to except from the grant grantor's interest ($\frac{1}{4}$th) in the minerals. See Echolustee Oil Co. v. Johnston et al., 153 Okl. 92, 3 P.2d 227; Jarrett v. Moore et al., 159 Okl. 93, 14 P.2d 390; Rose et al. v. Cook, 207 Okl. 582, 250 P.2d 848; Fry et al. v. Hurst et ux., Okl., 293 P.2d 552.

The judgment of the trial court to the effect that the Tomlin deed served to convey to Tomlin Wilson's undivided one-fourth interest in the minerals underlying the land intended to be conveyed is affirmed.

As to the Johnson deed, the judgment of the trial court is affirmed in part and reversed in part. That portion of the judgment to the effect that Wilson by said deed did not reserve any of the minerals underlying the land intended to be conveyed is affirmed. That portion of the judgment to the effect that it was intended by said deed to convey 20 acres is reversed. The number of acres intended to be conveyed is

held to be approximately 4.5 acres and Wilson's one-half interest in the minerals underlying said acreage. The trial court on reconsidering this case should give due consideration to the settlement agreement reached by the lessees and Johnson's heirs.

DAVISON, C. J., and JOHNSON, JACKSON and IRWIN, JJ., concur.

WILLIAMS, V. C. J., dissents.