OSCN Found Document:CHAPARRAL ENERGY, L.L.C. v. SAMSON RESOURCES COMPANY

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 CHAPARRAL ENERGY, L.L.C. v. SAMSON RESOURCES COMPANY
2015 OK CIV APP 44
Case Number: 113410
Decided: 03/27/2015
Mandate Issued: 05/07/2015
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2015 OK CIV APP 44, __ P.3d __

 
Chaparral Energy, L.L.C., an Oklahoma Limited Liability Company, Plaintiff,
v.
SAMSON RESOURCES COMPANY, CIRCLE F RANCH COMPANY, Defendants/Appellees,
ELAINE Q. HELM, TRUSTEE OF THE HELM FAMILY TRUST; DOUGLAS VINING; and PAULINE WALKER, Defendants/Appellants,
Charles R. Chesnutt, United States Trustee, Successor Trustee of the James E. Foster IV Bankruptcy Estate, John Thomas Foster, Robert YaQuinto, Jr., Trustee of the John Thomas Foster Bankruptcy Estate, Defendants.
APPEAL FROM THE DISTRICT COURT OF
LATIMER COUNTY, OKLAHOMA
HONORABLE WILLIAM WELCH, JUDGE
AFFIRMED
Thomas M. Ladner, LADNER & ELDREDGE, P.L.L.C., Tulsa, Oklahoma, for Defendants/Appellants,
Michael E. Smith, Ralph E. Seals, Jr., Sharon T. Thomas, HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C., Oklahoma City, Oklahoma, for Defendants/Appellees.
ROBERT D. BELL, JUDGE:
¶1 Plaintiff, Chaparral Energy, L.L.C., the operator of certain producing wells in Latimer County, brought this interpleader against the above named defendants alleging said defendants had conflicting claims to the mineral interests on which three producing wells are located. Defendants/Appellants, Elaine Q. Helm, Trustee of the Helm Family Trust, Douglas Vining and Pauline Walker, appeal from the trial court's order granting summary judgment to Defendants/Appellees, Samson Resources Company and Circle F Ranch Company (Circle F). The trial court found Circle F is the owner of 160 mineral acres and is entitled to a share of the proceeds held in escrow and of the future production proceeds attributable to said mineral interest. After reviewing the record and extant law, we cannot find the trial court's judgment is clearly against the weight of the evidence or contrary to law. Accordingly, we affirm the trial court's judgment that Circle F is entitled to have its title in 160 acres in Section 24 quieted as a matter of law.
¶2 Circle F Ranch Inc. (Grantor), the predecessor in interest to Appellee, Circle F, owned an undivided 320 mineral acres in Section 24, Township 6 North, Range 25 East, Latimer County, Oklahoma (Section 24). On September 5, 1972, Grantor executed a deed in favor of J. E. Foster, Jr., Trustee, as Grantee. Under the deed, Grantor conveyed to Grantee "an undivided one-half (½) interest in and to all of the oil and gas interests and royalties, and any and all other mineral interests which may be owned by Circle F Ranch, Inc." Appellants are Grantee's successors in interest. They contend the deed conveyed to Grantee ALL of the 320 mineral acres owned by Grantor in Section 24. Circle F counters its predecessor in title only conveyed one-half (½) of its mineral interests (160 mineral acres) to Grantee.
¶3 Chaparral Energy, L.L.C. brought this interpleader action to settle these and other conflicting claims to the production proceeds of three wells in Section 24. Appellant and Circle F moved for summary judgment on competing quiet title cross-claims against each other. The trial court granted judgment to Circle F and overruled Appellant's cross-claim for summary judgment. The trial court considered both the granting and habendum clauses, and found the deed unambiguously demonstrated the parties' intent to limit the conveyance to one-half (½) of the interests owned by Grantor. Because Grantor owned 320 mineral acres, the trial court concluded the deed conveyed 160 mineral acres to Grantee.
¶4 The parties entered into a stipulation regarding mineral ownership while reserving Appellants' right to appeal. Based on that stipulation, the trial court entered a judgment declaring the ownership of the disputed mineral acres as set forth above. The judgment also found, pursuant to 12 O.S. 2011 §994(A), that there is no just reason for delay and it directed that this was the final judgment as to the matters set forth therein. Appellants now appeal. This appeal stands submitted for accelerated appellate review on the trial court record under Rule 13, Rules for District Courts of Oklahoma, 12 O.S. 2011, Ch. 2, App., and Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S. 2011, Ch. 15, App. 1.
¶5 When, as here, there is no substantial controversy as to any material fact, summary judgment is appropriate where it appears one party is entitled to judgment as a matter of law. Baker v. Saint Francis Hosp., 2005 OK 36, ¶6, 126 P.3d 602. Because the judgment that granted summary relief disposed of legal issues, we review the trial court's judgment de novo. Id. "Actions to quiet title to realty are proceedings in equity." Combs v. Sherman, 2011 OK CIV APP 102, ¶10, 267 P.3d 150. This Court will review and weigh the evidence and will only set the judgment aside if it is clearly against the weight of the evidence or contrary to law. Id.
¶6 In the present case, the original Grantor owned one-half (½) or 320 mineral acres in Section 24. Thus, the question is whether Grantor's deed conveyed a fraction of Grantor's fraction or whether Grantor's deed conveyed ALL of Grantor's 320 mineral acres to Grantee. On appeal, Appellants argue the trial court should have determined the deed conveyed to Grantee one-half (½) of all mineral interests (320 mineral acres) in and underlying Section 24. Circle F counters the trial court properly determined the deed conveyed one-half (½) of Grantor's one-half (½) mineral interest in Section 24; thus, Circle F is the owner of a one-fourth (¼) mineral interest (160 mineral acres) in and underlying Section 24.


In construing a conveyance, or alleged uncertainties in a deed, the Court's first priority is to ascertain the true intent of the parties, particularly that of the grantor, as gathered from the four corners of the instrument itself, considering each part and viewed in light of the circumstances attending and leading up to its execution, including the subject-matter and situation of the parties as to the time of the deed's execution.


Messner v. Moorehead, 1990 OK 17, ¶8, 787 P.2d 1270.
¶7 Here, the trial court found that due to the limiting words "which may be owned by Circle F Ranch, Inc." in the granting clause of the deed, Grantor unambiguously expressed its intent to reserve in itself an undivided one-fourth (¼) mineral interest in Section 24. We find the trial court's decision in this regard was not against the weight of the evidence or contrary to law. "To create a reservation it must appear from the instrument that the grantor intended to and by appropriate words expressed the intent to reserve an interest in himself." Rose v. Cook, 1952 OK 62, ¶23, 250 P.2d 848. Reservations of mineral interests "need not be expressed in the granting clause of the deed, but may be contained in the warranty clause, the habendum, or the redeendum clause, or, as we have said, within the four corners of the instrument." Id.
¶8 Based on the foregoing, we hold the deed conveying "an undivided one-half (½) interest in and to all of the oil and gas interests and royalties, and any and all other mineral interests which may be owned by Circle F Ranch, Inc.," conveyed one-half (½) of Grantor's one-half (½) mineral interest (or a one-fourth (¼) mineral interest) to Grantee. Accordingly, we hold the trial court properly determined Grantor's successor-in-interest is entitled to have its title quieted in and to a one-fourth (¼) mineral interest (or 160 mineral acres) in Section 24.
¶9 Our opinion is bolstered by Williams and Meyers, Oil and Gas Law Abridged Ed., §309, p. 107. There, Professors Williams and Meyers set forth the following example:


Case 4. R owns an undivided interest in the minerals on the land, the quantum of interest being uncertain and unknown to R. R executes a deed as follows:
grant . . . an undivided one-half (½) of all my right title and interest in and to the mineral on or under the following described land: Section 6, etc. 
R has conveyed one-half of whatever interest he owns in the minerals in Section 6.


See also Hunsaker v. Brown Distrib. Co., Ltd., 373 S.W.3d 153 (2012), where the court held a warranty deed conveying "one-half (½) of all oil, gas and other minerals . . . in, on and under said property now owned by [g]rantor . . . subject to all reservations now outstanding and of record" conveyed one-half (½) of the grantor's one-quarter (¼) mineral interest, and not the entirety of the grantor's one-quarter (¼) interest.
¶10 Because we hold in this manner, we find it unnecessary to address the remainder of Appellants' propositions of error. The trial court's judgment quieting Circle F's title in an undivided one-fourth (¼) mineral interest (160 mineral acres) in and underlying Section 24-6N-25E, Latimer County, Oklahoma, and in the producing wells thereon is affirmed.
¶11 AFFIRMED.
GOREE, P.J., and BUETTNER, J., concur.




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2011 OK CIV APP 102, 267 P.3d 150, COMBS v. SHERMAN
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1990 OK 17, 787 P.2d 1270, 61 OBJ 575, Messner v. Moorehead
Discussed
 1952 OK 62, 250 P.2d 848, 207 Okla 582, ROSE v. COOK
Discussed
 2005 OK 36, 126 P.3d 602, BAKER v. SAINT FRANCIS HOSPITAL
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 994, Procedure When There is More Than One Claim or Party - Final Judgment
Cited