## SIMPSON TWP. v. HILL.

No. 4918.    Opinion Filed November 11, 1913.

Rehearing Denied January 6, 1914.

(137 Pac. 348.)

**TRIAL—Failure to Make Findings—Waiver of Objections.** Where the
court makes a general finding upon the facts in favor of plaintiff
and makes special findings upon some of the issues, but fails to
cover by special finding all the issues involved, and its attention
was not called to the omission to find specially upon one of the
defenses, and further findings are not requested by defendant upon
such issue, it will be held that defendant has waived the right to
complain because of the court's failure to find specially upon one
of the issues of defense.

(Syllabus by the Court.)

*Error from District Court, McIntosh County;
Preslie B. Cole, Judge.*

Action by V. E. Hill against Simpson Township. Judgment
for plaintiff, and defendant brings error. Affirmed.

*Van Court & Reubelt,* for plaintiff in error.

*Brook & Brook,* for defendant in error.

HAYES, C. J.    Defendant in error brought this action in
the court below to recover judgment on certain warrants issued
by plaintiff in error, a municipal township of McIntosh county.
Defendant in error, hereinafter referred to as plaintiff, alleges
in his petition in the lower court that the warrants sued upon
were legally and properly issued upon accounts legally presented,
audited, and allowed by the board of directors of said Simpson
township, and that all the claims so audited and allowed by the

board were legal and just claims against the township. Said warrants were issued during the years 1909 and 1910. Plaintiff in error, hereinafter referred to as defendant, denied by its answer, both by general denial and specific allegations, that said warrants were legally and properly issued by it, and alleged that the same were issued without any claim having been presented therefor, or audited and allowed by the officers of the township, as required by the statute. As a second defense, defendant further alleges that, when all said warrants were issued, the township was then indebted for the respective years in which said warrants were issued in an amount exceeding the income and revenue provided for such years, and that the warrants were therefore issued in violation of the statute.

The trial was to the court without a jury, who, upon request of defendant, made and filed findings of fact and conclusions of law. As to certain of the warrants sued upon, the court found that at the time they were issued the township was then indebted in an amount in excess of the amount allowed by the statute, and for this reason denied recovery upon such warrants. This action of the court is not objected to by either party, and those warrants are eliminated from this proceeding. As to the remaining warrants sued upon, the court found that at the time they were issued they were not in excess of the funds and revenue coming to said township out of the levy provided for the respective years in which said warrants were issued. The court made no special finding of fact upon the other issue made by plaintiff's petition and defendant's answer, to wit, that the warrants sued upon were issued upon claims properly verified by the claimant, audited and allowed by the board, as required by section 8728, Comp. Laws 1909 (section 8180, Rev. Laws 1910).

Defendant urges for reversal of the cause only that the findings of fact made by the court are not sufficient to support a judgment on said warrants rendered by the court in favor of plaintiff, because no special finding was made on the foregoing issue. Objections and exceptions were taken by defendant to the findings of fact made by the court upon the ground that such findings of fact did not state "all the necessary findings of fact

and conclusions of law." There was no request by defendant for a special finding upon its defense that the warrants had been issued without verified claims · having been filed, audited, and allowed therefor. Nor did it, by its objection and exception to the findings of fact made by the trial court, point out that no special finding had been made upon this issue. The finding of· the trial court includes a general finding in favor of plaintiff upon all the warrants upon which judgment was rendered, which general finding is sufficient to constitute a finding against defendant upon its second issue of defense. If it desired a special finding upon this issue, it should have requested the court to make such finding; at least, it should have specifically excepted to the finding of the trial court because it failed to make a special finding upon this issue, and requested a further finding thereon. *Else et al. v. Freeman et al.,* 72 Kan. 666, 83 Pac. 409; *Allen v. Wildman,* 38 Okla. 652, 134 Pac. 1102. The ground, therefore, upon which defendant seeks to reverse this cause, is not presented by the record.

The judgment of the trial court is affirmed.

All the Justices concur.