**HARN et al. v. INTERSTATE BLDG. & L. CO. et al.**

No. 10746—Opinion Filed Jan. 27, 1920.

Rehearing Denied March 16, 1920.

(Syllabus by the Court.)

**1. Trial—Time for Trial—Motion to Strike From Assignment.**

It is not error for the trial court to overrule plaintiffs' motion to strike a cause from the assignment on the ground that the issues have not been made up where the record shows that, although plaintiffs had filed no reply to the answer of one of the defendants, the time fixed for filing such reply had expired at least a year before the case was called for trial.

**2. Pleading—Judgment on Pleadings—Sufficiency of Answer—Deeds—Contracts—Fraud.**

The plaintiffs alleged in their petition the execution of a deed and a written contract, and also alleged that they were induced to execute said instruments by fraud and misrepresentations of the defendants. Defendants filed an unverified answer, admitting the execution of the written instruments, but denying all the other allegations of plaintiffs' petition. Held, that defendants' answer put in issue all the averments of fact in plaintiffs' petition, except the execution of the written instruments, which the answer admitted, and plaintiffs were not entitled to judgment on the pleadings.

**3. Appeal and Error—Findings—Failure to Object—Presumptions.**

Where the trial court makes general findings upon the facts, a party who does not assail such findings in said court as incomplete and incomprehensive will be deemed to have waived his right to further findings, and the general findings will be presumed by this court to embrace all the facts of the controversy established by the evidence.

**4. Fraud—Deeds—Burden of Proof.**

In a case where fraud is alleged in the procuring of the execution of written instruments, or deeds, the proof must sustain the allegations by a preponderance of the evidence so great as to overcome all opposing evidence and repel the opposing presumptions.

**5. Contracts—Construction—Assuming Obligation of a Joint Judgment Debtor.**

As a part of the consideration for the purchase price of certain real estate, defendant company agreed in writing to assume the obligation of W., one of several joint judgment debtors, which written instrument contained this provision: "The agreement to indemnify and hold you (Winans) harmless against any of said judgments shall not obligate the undersigned vendee in said deed to prevent execution sale of any of the property conveyed by you in said deed, nor shall this be construed to diminish any liability on the part of W. F. Harn and Alice Harn in said judgments but the liability of said W. F. Harn and Alice Harn to remain absolute." Held, that said instrument was not an agreement to satisfy the judgment in full, and did not operate to release the other joint judgment debtors W. F. H. and A. H., and they were not discharged by the subsequent satisfaction of the judgments as to W.

**6. Same—Sufficiency of Evidence.**

Evidence in the record examined, and the judgment of the trial court found not to be clearly against the weight thereof.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by Alice Harn and another against the Interstate Building & Loan Company and another. From the judgment plaintiffs bring error. Affirmed.

W. F. Harn, for plaintiffs in error.

Wilson, Tomerlin & Threlkeld, for defendants in error.

RAINEY, J. This is an action instituted by Alice Harn and W. F. Harn, her husband, against the Interstate Building & Loan Company, a corporation, and I. C. Enochs, for the balance alleged to be due plaintiffs on the purchase price of a large number of lots situated in an addition to Oklahoma City, known as "Harndale," and for damages for the breach of a contract entered into by and between the plaintiffs and the defendant loan company which was signed by I. C. Enochs, as guarantor. The cause was tried to the court, without a jury, resulting in a judgment for the defendants on plaintiffs' first cause of action, and for plaintiffs for the sum of one dollar on their second cause of action, from which judgment the plaintiffs have appealed to this court, assigning numerous errors.

Subsequent to the trial the defendant I. C. Enochs died, and the cause was revived in the name of E. G. Flowers, I. C. Enochs, Jr., and Martha Enochs, executors of his estate.

Hereinafter the parties will be denominated plaintiffs and defendants, as they appeared in the trial court.

A brief statement of the facts and pleadings will be conducive to a clear understanding of the questions presented on appeal.

On September 4, 1915, the plaintiffs contracted to sell to the defendant, the Interstate Building & Loan Company, for the expressed consideration of $75,000, a tract of land platted as "Harndale Addition" to Oklahoma City. By the terms of this contract the defendant Interstate Building & Loan Company assumed a large amount of unpaid

taxes on the land, agreed to pay the plaintiffs $35,000 in cash, and to release them from their liability on a number of judgments theretofore rendered against them and one John F. Winans jointly, said judgments aggregating, with interest and costs, over $50,000. These judgments were rendered on notes on some of which Mr. Winans and Mr. Harn were the principal obligors; on others Mr. Harn was surety for Winans. Mrs. Harn was surety only for her husband and Mr. Winans. It was agreed in the contract that as between the judgment debtors the liability of the plaintiffs was $25,000. The remainder of the liability was that of John F. Winans. On August 21, 1915, the defendant Interstate Building & Loan Company purchased from John F. Winans a number of lots situated in "Winans" and two other additions to Oklahoma City, subject to the taxes thereon, the consideration for which, as expressed in a memorandum agreement, being $25,000 in cash and the assumption of Winans' liability under the aforementioned judgments. This memorandum agreement contained this provision:

"The agreement to indemnify and hold you harmless against any of said judgments shall not obligate the undersigned vendee in said deed to prevent execution sale on any of the property conveyed by you in said deed, nor shall this be construed to diminish any liability on the part of W. F. Harn and Alice Harn in said judgments, but the liability of said W. F. Harn and Alice Harn to remain absolute."

Shortly after the plaintiffs conveyed the Harndale Addition to the defendant company, I. C. Enochs released, as to W. F. Harn, personally, the joint judgments against the plaintiffs and Winans. Satisfaction of record of said judgments as to J. F. Winans was subsequently entered on February 16, 1916. Thereafter the plaintiffs commenced this action against the defendants, alleging that they were induced to execute their deed to the defendant company and to enter into the agreement hereinabove mentioned by false and fraudulent representations made to them by the defendants, which consisted in representing that the defendant company was the owner and holder of the judgments aforementioned, and that it would cause plaintiffs' property to be sold by the sheriff of Oklahoma county on execution based on said judgments if the plaintiffs did not execute and deliver to said company their deed to the Harndale property and enter into the contract and agreement aforementioned. The plaintiffs further alleged that they relied upon the truth of said representations, and believed, that said judgments had not been paid or satisfied, and that if they did not exe-

cute the deed and contract the defendants would carry out their threat and would cause all of plaintiffs' property to be sold under execution to satisfy said judgments. The plaintiffs also alleged that at the time of the execution of their deed and contract in truth and in fact all of said judgments had been satisfied, liquidated, and paid in full by J. F. Winans, the principal debtor in said judgments, which fact the defendants concealed from them. The plaintiffs did not ask for a rescission of their contract and cancellation of their deed on account of the alleged fraud, but prayed for judgment for $55,000 alleged to be due on the purchase price of the property conveyed by their deed, said amount being the aggregate amount of the joint judgments against the plaintiffs and John F. Winans. They also prayed for $25,000 exemplary damages on their first cause of action for acts of oppression, fraud, and malice.

This is the second time the case has been before this court. At the first trial the trial court sustained a demurrer to the evidence on plaintiffs' first cause of action, and rendered a judgment for one dollar nominal damages on plaintiffs' second cause of action. On appeal the cause was reversed. Harn et al. v. Interstate Building & Loan Company, 68 Oklahoma, 172 Pac. 1081. On the second trial, from which this appeal is taken, the court, after hearing the evidence on behalf of plaintiffs and defendants, made findings of fact and conclusions of law and rendered the judgment hereinbefore stated.

Plaintiffs have grouped their 27 assignments of error under seven propositions, which they have argued in their briefs.

Under the first proposition it is asserted that the court erred in refusing to render a default judgment against I. C. Enochs, and in refusing to strike the cause from the trial docket, or to pass the same for five days to enable the plaintiffs to plead to the answer of I. C. Enochs. On the former appeal we held that plaintiffs were not entitled to a default judgment against the defendant Enochs. We further held that Mr. Enochs had the right to enter an appearance and adopt the answer of his codefendant, Interstate Building & Loan Company, and we reversed the case solely on the ground that the trial court compelled plaintiffs to go to trial immediately and before their time had expired to file a reply to Mr. Enochs' answer, and before the issues had been made up for ten days. Plaintiffs' reply to the answer of the Interstate Building & Loan Company had been on file for some time, and it had been over a year since Enochs made his appearance and adopted the answer of his co-

defendant when the present case was called for trial. It is obvious that plaintiffs' time within which to file a reply, if any was necessary, had long since expired.

Under the second proposition the claim is made that the trial court erred in overruling plaintiffs' motion for judgment on the pleadings. The defendants' unverified answer admitted the execution of the deed to the Harndale property and the contract entered into by plaintiffs and defendants at the same time, but denied all the other allegations contained in plaintiffs' petition. The fact that defendants admitted the execution of said instruments and that their answer was not verified does not, as contended, admit the other averments in plaintiffs' petition. Section 4759, Rev. Laws 1910, provides that "in all actions, allegations of the execution of written instruments and endorsements thereon * * * shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney," but neither this section of the statutes nor any other provision of the Code with which we are familiar provides that all other allegations in the petition must also be taken as true unless they are denied by the affidavit of the party, his agent, or attorney. No cases are cited in support of plaintiffs' contention in this respect, and we have been unable to find any so holding.

The third proposition is not argued in plaintiffs' brief, so we pass to the fourth, under which it is contended that the court's findings were not sufficiently specific, and that such findings are clearly against the weight of the evidence. The court's findings consist of 13 separate findings of fact and three separate conclusions of law, which appear to fully cover all the material issues in the case. Moreover, it does not appear that plaintiffs asked for any additional findings, and they took only a general exception to the findings made by the court. Had plaintiffs desired findings on questions not embraced in the general findings, they should have made a timely request therefor; but, having failed to do so, they will not now be heard for the first time to say that the findings made were not complete or sufficiently comprehensive. Simpson Twp. v. Hill, 40 Okla. 233, 137 Pac. 348; Allen v. Wildman, 38 Okla. 652, 134 Pac. 1102; Else et al. v. Freeman et al., 72 Kan. 666, 83 Pac. 409.

The material findings of the court are in accordance with the weight of the evidence, which discloses, as hereinabove stated, that at the time Winans deeded his property to the defendant company it was subject to the outstanding joint judgments against him and the plaintiffs. and the defendant company only agreed to save Winans harmless to the extent of his liability under said judgments, it being specifically agreed that the release of Winans from said judgments was not to be construed "to diminish any liability on the part of W. F. Harn and Alice Harn in said judgments but the liability of said W. F. Harn and Alice Harn to remain absolute." Plaintiffs admit receiving the $35,000 cash consideration, and it furthermore appears that they have not been required to suffer any burden with respect to their property which the defendant company agreed to relieve them of, for it was expressly stated in their contract that the liability of Harn on the judgments was $25,000, and those judgments were released and satisfied of record as contemplated by their agreement. No complaint is made regarding the taxes. They received, then, everything the company agreed to pay them, and the judgment of the trial court must be affirmed, unless plaintiffs are correct in their contention that at the time they deeded the Harndale property their liability on said judgments had ceased and they were fraudulently induced to believe that said judgments were wholly unsatisfied. Let us consider the matter as if no transaction had ever been had between the Building & Loan Company and Winans. In that event the plaintiffs would have no case, for having agreed that their liability under the judgments was $25,000, and having been saved harmless from the burdens thereof, as was agreed to by the defendant company, and having received the $35,000 in cash, it is apparent they have received all the consideration agreed to be paid them and to which they were entitled under their written agreement. Under the rule prevailing in this jurisdiction, where fraud is alleged in the procuring of the execution of written instruments, the proof must sustain the allegations by a preponderance of the evidence so great as to overcome all opposing evidence and repel the opposing presumptions. Moore v. Adams et al., 26 Okla. 48, 108 Pac. 392; Owen v. United States Surety Company, 38 Okla. 123, 131 Pac. 1091. Then, plaintiffs' right to recover depends upon the correctness of their contention that the assumption by the defendant company of the liability of Winans under the joint judgments and its agreement to save him harmless therefrom operated in law as a release of plaintiffs also, even though it was not so intended by the contracting parties. We readily agree with counsel for plaintiffs that payment in full by one of several joint judgment debtors is payment as to all, for in no event would the judgment creditors be entitled to collect the full amount of their joint judgments from one debtor and then collect it from the others.

since they are entitled to only one satisfaction; but if the agreement of the company with Winans was that only part of the judgments was to be assumed and paid by the former, then all the plaintiffs would be entitled to would be the satisfaction of the judgments pro tanto.

At the time of the sale of the Harndale property no releases of the judgments had been actually entered of record, and said judgments were outstanding subsisting liens on the real estate of the judgment debtors, so it cannot be successfuly contended that in fact the judgments had been released and satisfied. Looking to the whole transaction, it is clear that the understanding between the defendant company and Winans was that as between Winans and Harn, Winans had an ultimate liability under the judgments from which it agreed to and did relieve him, and that under the agreement of the defendant company with the plaintiffs, plaintiffs had an ultimate liability under the joint judgments as between them and Winans, which was fixed by their agreement at $25,000.

It is now well settled that as between joint debtors and joint tortfeasors complete and full satisfaction by one releases all; but if the instrument claimed to be a release contains a reservation of the right to sue the other joint debtor or tortfeasor, it cannot be said to be a release at all, but is, in effect, a covenant not to sue or proceed against the person released. The rule is well expressed in Gilbert v. Finch, 173 N. Y. 455, 61 L. R. A. 807, 66 N. E. 133, as follows:

"Where the release contains no reservation, it operates to discharge all the joint tortfeasors, but where the instrument expressly reserves the right to pursue the others, it is not technically a release, but a covenant not to sue, and they are not discharged."

The rule is the same as to joint debtors as to joint tortfeasors. The same doctrine is announced by this court in Bland v. Lawyer-Cuff Company, 72 Oklahoma, 178 Pac. 885, where the late authorities are cited. It appears from an examination of these authorities that practically all the courts now adhere to the doctrine that the intention of the parties to the agreement as to the extent to which the release should be given effect shall govern. The finding of the trial court that it was the intention of the defendant company and Winans that only Winans should be released is, in our opinion, amply supported by the evidence, and the court properly concluded as a matter of law as follows:

"The agreement between the Interstate Building and Loan Company and Mr. Winans that the release of the latter from the operation of the various judgments should not diminish the liability of the other joint judgment debtors, but that the same should remain absolute, and the subsequent release of Mr. Winans pursuant thereto was not a satisfaction of the entire judgment, nor did it create a bar to a recovery from the other joint judgment debtors of the unpaid portion of said judgments."

What we have said disposes of the contention made by plaintiffs under their fifth proposition.

On the second count in their petition (presented in plaintiffs' brief under sixth and seventh propositions), plaintiffs alleged damages caused them by the failure of the defendant company to release the Patterson judgment upon the demand of Mr. Harn. The provisions of the contract upon which this contention is based are as follows:

"It is further agreed that there exists a certain judgment in a certain cause entitled: 'L. E. Patterson v. W. F. Harn et al.,' in the superior court of Oklahoma county, state of Oklahoma, being cause No. 2614, rendered on the 26th day of February, 1914, in the sum of $11,447.18 and costs, said judgment being rendered against W. F. Harn and other persons therein named.

"It is further hereby agreed that said party of the second part agrees to indemnify and hold harmless said W. F. Harn personally against the collection of said judgment. This shall not be construed as an assumption of said judgment, nor shall it be construed as an agreement to relieve any other parties to said judgment from the payment thereof, except said W. F. Harn, it being herein intended that said second party agrees to cause to be released on reasonable demand of said W. H. Harn, any property which said W. F. Harn may now own, or may hereafter acquire, from said judgment or lien created thereby, and in that behalf the party of the second part agrees to cause to be obtained an indemnity bond from a reliable bonding company admitted to do business in the state of Oklahoma, running to said W. F. Harn, conditioned that the obligors therein will indemnify and hold harmless said W. F. Harn from loss by reason of any execution that may issue against said W. F. Harn personally.

"It is understood, however, that said party of the second part shall have the right to co-operate with the parties of the first part in the prosecution of said appeal in the Supreme Court, with a view to cause a reversal thereof."

Mr. I. C. Enochs was guarantor of this agreement.

On these issues the trial court found, in the ninth, tenth, eleventh, twelfth, and thirteenth findings of fact, as follows:

"Ninth. The Interstate Building & Loan Company did not assume payment of the Patterson judgment mentioned in finding number Four, but did agree to indemnify and hold harmless the said W. F. Harn personally against its collection, and on reasonable demand would cause to be released from the lien of that judgment any property which Mr. Harn then owned, or might thereafter acquire, and would secure an indemnity bond conditioned to hold harmless the said W. F. Harn from loss by reason of any execution that might issue against him personally.

"Tenth. On the day of the execution of the contract for the sale by the plaintiffs to the defendant Interstate Building & Loan Company referred to in finding number One the defendant I. C. Enochs, in writing guaranteed the full performance of every condition and provision therein required to be performed by the Interstate Building & Loan Company and guaranteed the execution and delivery, within ten days from that date, of a bond indemnifying W. F. Harn against any liability by reason of the Patterson judgment. No such bond was given, but Mr. Enochs then was and ever since has been able financially to respond to any damages which the plaintiffs might sustain by reason of any failure on the part of the Interstate Building & Loan Company to fully comply with its contract with the plaintiffs.

"Eleventh. Mr. Harn was desirous of testing in the Supreme Court the validity of the Patterson judgment and under the contract for the purchase of Harndale by the Interstate Building & Loan Company the latter was given the right to co-operate with the plaintiffs here in the prosecution of an appeal in the Supreme Court, with a view to secure a reversal thereof. The judgment was appealed to the Supreme Court, but before the appeal was heard, and on the 9th day of March, 1916, Mr. Harn demanded of the defendants here that they cause the Patterson judgment to be released as to certain property owned by him. On July 25, 1916, the Patterson judgment was affirmed by the Supreme Court. Mr. Harn, Mr. Winans, and Oklahoma City Land & Development Company filed a motion for a rehearing, which was not passed until the following November; however, on August 14, 1916, Mr. Patterson, by written assignment, transferred that judgment to the defendant Interstate Building & Loan Company, and on the following day the judgment was released as to both Mr. Harn and Mr. Winans, but not as to the Oklahoma City Land & Development Company, the principal debtor. This demand for a release assigned no reason for desiring it, except that such was one of the provisions of the contract, and it contained a further demand that the contract be immediately complied with by defendants here in all other respects.

"Twelfth. The plaintiffs claim that because of the failure of the defendants to release the Patterson judgment when demanded so to do that they were unable to either sell or encumber real estate to procure funds with which to pay taxes and other past due claims against them, and as the result thereof they were subjected to the statutory penalties for nonpayment of taxes when due, and to expense of litigation growing out of the inability to meet their obligations.

"Thirteenth. The plaintiff W. F. Harn is, and during all of the times mentioned in the findings was, an officer of and a large stockholder in the Oklahoma City Land & Development Company, the principal debtor in the Patterson judgment. Prior to the sale of Harndale that company conveyed certain of its assets to other corporations in which Mr. Harn was also an officer and stockholder, and the grantee therein mortgaged the same to Mr. Harn and Mr. Winans and they transferred one-half of those securities to Mrs. Harn, to whom he, W. F. Harn, was at the time indebted. The defendant Interstate Building & Loan Company is seeking by legal proceedings to subject those assets to the payment of the Patterson judgment. The plaintiffs claim such action to be a violation of the terms of the contract of sale mentioned in finding No. 1 for the reason that such proceedings, if successful, would depreciate the value of the shares of stock held by Mr. Harn, and, therefore, the defendants are liable to the plaintiffs for certain damages claimed to have been sustained and expenses incurred by them in connection with the litigation."

The court's conclusions of law on these issues were as follows:

"The claim for damages said to arise out of the efforts of the defendant Interstate Building & Loan Company to collect its judgment against the Oklahoma City Land & Development Company, if maintainable at all, is premature pending such litigation.

"The plaintiffs are entitled to recover damages for failure to furnish a bond of indemnity, as well as for the breach of the contract to release the lien of the Patterson judgment upon demand therefor, but as the guarantor, I. C. Enochs, is solvent and the damages sought could not be said to have been in the reasonable contemplation of the parties to the contract at the time the demand for such release was made, only nominal damages can be recovered. Judgment is therefore hereby rendered in favor of the plaintiffs and against the defendants for the sum of one dollar ($1.00) and costs."

The findings of fact on the matters involved in the second count of the plaintiffs' petition are not clearly against the weight of the evidence, and we think the court's conclusions of law, based thereon, are correct.

Finding no reversible error in the record, the judgment is affirmed.

OWEN, C. J., and KANE, PITCHFORD, JOHNSON, McNEILL, and BAILEY, JJ., concur.