## FIRST NAT. BANK & TRUST CO. et al. v. PRICE.

No. 33650. Feb. 20, 1951.
Rehearing Denied March 13, 1951.

*228 P. 2d 623.*

· Claude M. Gordon, Okmulgee, and Conner, Winters, Lee & Randolph, Tulsa, for plaintiffs in error.

Carland Smith, Okmulgee, for defendant in error.

DAVISON, J. This appeal involves solely a controversy between parties defendant in a quiet title action. It comes here from an order of the trial court sustaining the demurrer of one of the defendants, Mabel H. Price, to the cross-petition of other defendants, the First National Bank & Trust Company, of Tulsa, Oklahoma, and Claude M. Gordon, plaintiffs in error herein.

On October 3, 1945, S. M. Forbes brought action in the district court of Love county to quiet his title to a certain 70 acres of land, located in Love county, naming the parties to this appeal, among others, as defendants. On November 19, 1946, plaintiffs in error, the First National Bank & Trust Company, of Tulsa, Oklahoma, hereafter referred to as the Bank, and Claude M. Gordon, the attorney who handled the hereinafter described transaction for said bank, filed their answer to plaintiff's petition, alleging ownership of an undivided 1/8 interest each in the oil, gas, coal and other minerals lying in and under the 70 acres. They also filed a cross-petition against defendant in error, Mabel H. Price, in which, as amended, the following facts were alleged:

That on January 23, 1941, pursuant to agreement with cross-petitioner, the Bank, and in satisfaction of a judgment and claim of the Bank, Mabel H. Price purported to convey to the Bank an undivided 1/4 interest in the oil, gas, coal and other minerals in and under 200 acres of land, which included the 70 acres to which plaintiff, Forbes, seeks to quiet his title. The conveyance was as follows:

"Know All Men by These Presents:

"That Mabel Price, widow and sole heir of John Price, deceased, for and in consideration of the sum of One Dollar ($1.00) and other good and valuable considerations, the receipt of which is hereby acknowledged, has quit claimed, granted, bargained, sold, conveyed and set over and does by these presents quit claim, grant, bargain, sell, convey and set over unto The First National Bank and Trust Company Of Tulsa, Oklahoma, a national banking association, its successors and assigns, an undivided one-fourth (1/4) interest in and to all of the oil, gas, coal and other minerals now or at any time hereafter lying in or under and that may be produced from the following described land situated in Love County, State of Oklahoma, to-wit: (Here follows a description of the land.) together with the right of ingress and egress at all time for the purpose of

mining, drilling and exploring said lands for oil, gas and other minerals and removing the same therefrom.

"The intent of this instrument is to convey to said The First National Bank and Trust Company of Tulsa the above specified interest in and to all of the oil, gas, coal and other minerals in and under the above described lands which grantor herein now owns and which her deceased husband, John Price, acquired under and by virtue of the terms of a certain conveyance dated September 15, 1938, executed by Pearl T. King as Administrator to the said John Price, the same being duly filed for record on October 28, 1938, and recorded in Book _____ at page _____ of the records of Love County, Oklahoma, and is intended to convey and vest in the above named grantee all the rights and privileges acquired by the said John Price under the above described conveyance.

"In witness whereof, the said Mabel Price has executed this instrument this 23rd day of January, 1941.

"(Signed) Mabel Price
"Mabel Price."

That in April, 1946, it was learned for the first time that, during his lifetime, John Price, out of his 1/4 undivided interest, had conveyed an undivided 1/8 and an undivided 6/200 mineral interest in the 200 acres to other persons. That it was also learned that M. L. Huckin, brother of the defendant in error, had, in May, 1945, reconveyed to the defendant in error legal title to another 1/4 interest in the minerals in the same 200 acres, which title had been held by him since November 6, 1926, for the use and benefit of the defendant in error, with no beneficial interest of his own.

The cross-petition then alleged that Mabel H. Price was estopped from denying she was seized and possessed of an undivided 1/4 interest in the minerals in and under the 200 acres at the time of executing said deed. That the Bank became the owner of an entire undivided 1/4 interest in the minerals, the after-acquired title to which was bound by the above-quoted deed. The cross-petitioners prayed that their title to the undivided 1/4 interest in the minerals in the 200 acres be quieted against Mabel H. Price.

To the amended cross-petition the defendant, Mabel H. Price, filed a demurrer, setting forth as grounds therefor, that the cross-petition did not state facts sufficient to constitute a cause of action in favor of the cross-petitioners and against the defendant, and that the purported cause of action was barred by the statute of limitations. The demurrer was sustained, cross-petitioners elected to stand on their amended cross-petition, and the case was dismissed. Thereupon the cross-petitioners brought this appeal.

The cross-petitioners contend that the title acquired by Mabel H. Price from M. L. Huckin vested in them by and under the provisions of the deed of January 23, 1941, and that Mabel H. Price, as grantee in that deed, is estopped from denying the same. They cite as authority for their contentions, 16 O. S. 1941 §17, and the case of Weaver v. Drake et al., 79 Okla. 277, 193 P. 45. An examination of that statute and opinion will show that they are not applicable to this case. Their claim rests upon the deed of January 23, 1941, above quoted, therefore, it is first necessary to examine that instrument to determine the rights of the respective parties.

It is well established in this state that the intention of the parties, as expressed in the deed, is determined from the entire instrument without undue preference given to any part. A recent reiteration of the rule by this court is found in the case of Westcott v. Bozarth et al., 202 Okla. 149, 211 P. 2d 258. Although the facts of the Westcott case are unlike the facts in the case at bar, this court quotes therein from the case of Breidenthal v. Grooms et al., 161 Okla. 74, 17 P. 2d 688, as follows:

"A more modern rule and that now followed by the greater number of courts is that the whole deed and every part thereof is to be taken into consideration in determining the intent of the grantor, and clauses in the deed subsequent to the granting clause are given effect so as to curtail, limit, or qualify the estate conveyed in the granting clause."

The deed in the Breidenthal case is similar to that involved herein. There the owner of certain land conveyed an undivided 1/16 mineral interest to five persons. Later the same grantor conveyed, by another deed, an undivided 1/2 mineral interest to the same grantees. Both deed were recorded. Thereafter, the five grantees executed a quitclaim deed to the grantor, covering the same land, which, following the granting clause, contained a clause declaring the intention of the parties to be that all rights acquired by the five grantees under the first mentioned mineral deed was released and quitclaimed. This court held the latter clause to be a limitation on the granting clause and only the undivided 1/16 interest was conveyed by the quitclaim deed.

In the case at bar the instrument is a quitclaim deed as defined by 16 O.S. 1941 §41, with an additional paragraph, purporting to set out the intention of the parties. Unless this paragraph is construed to limit the granting clause, it is mere surplusage and would be given no effect. Under the rule of the Breidenthal case, above quoted, the paragraph limits the estate granted to only that mineral interest owned by the grantor and formerly acquired by John Price under the deed of September 15, 1938, executed by Pearl T. King as administrator.

16 O. S. 1941 §18 provides:

"A quitclaim deed, made in substantial compliance with the provisions of this chapter, shall convey all the right, title and interest of the maker thereof in and to the premises therein described."

In construing and applying the above statute, this court in the case of Schuman v. McLain, 177 Okla. 576, 61 P. 2d 226, quotes from Tiffany on Real Property as follows:

" '. . . Such a conveyance purports merely to convey whatever title to the particular land the Grantor may have, and its use excludes any implication that he has a good title or any title at all.' "

Thus, by adopting the quitclaim deed as a mode of conveyance, only such interest as the grantor actually owned at the time of execution of the deed, in the undivided 1/4 mineral interest acquired by her husband under conveyance of September 15, 1938, from Pearl T. King, was conveyed to the Bank. That interest was an undivided 1/4 interest in and to all of the oil gas, coal and other minerals, less an undivided 1/8 and an undivided 6/200 interest theretofore conveyed by John Price. The fact that the grantor thought she owned and was conveying a full undivided 1/4 interest is immaterial. To this interest, there is no adverse claim made by Mabel H. Price. Therefore, the trial judge committed no error in sustaining the demurrer to the cross-petition on the ground that the cross-petition did not state facts sufficient to constitute a cause of action in favor of either cross-petitioner and against the defendant, Mabel H. Price.

Having reached this conclusion, it is unnecessary to consider the question of after-acquired title and the statute of limitations.

The judgment of the trial court is therefore affirmed.

ARNOLD, C. J., LUTTRELL, V. C. J., and WELCH, CORN. HALLEY, JOHNSON, and O'NEAL, JJ., concur.