PEPPERS REFINING CO. et al. v.
BARKETT et al.

No. 35498.  April 21 1953.

*256 P. 2d 443.*

A. E. Pearson, Warren H. Edwards, Milton R. Moon, Woodrow Butler; Halley, Everest, Halley & Spradling; Embry, Johnson, Crowe, Tolbert & Boxley; Claude Briggs, Arthur L. Ellsworth, Charles Nesbitt; Twyford, Smith & Crowe; and Robinson, Shipp, Robertson & Barnes, Oklahoma City, for plaintiffs in error.

Cargill & Cargill and Chas. Hill Johns, Oklahoma City, for defendants in error.

DAVISON, J.  This is a suit wherein the grantees in a "Sale of Oil and Gas Royalty" seek to quiet title, as against the successors in interest to their grantors, to an undivided one-half interest in the minerals underlying an 80-acre tract of land in Oklahoma county, Oklahoma. The parties will be referred to as plaintiffs and defendants, as they appeared in the trial court.

By an instrument entitled "Sale of Oil and Gas Royalty," dated September 8, 1925, George W. Carrico and Hattie B. Carrico conveyed to the plaintiffs, F. H. Barkett and George Carum,

"An undivided ½ interest in all of the oil, gas, coal and the other minerals now, or at any time hereafter, lying in or under the following described tract of land (or any part thereof,) situated in the County of Oklahoma County, State of Oklahoma, described as follows, to-wit: The West Half of the Northwest quarter of Section Eight, Township Twelve North,

Range Two West, Oklahoma County, Oklahoma."

the habendum clause in the same providing that:

"To Have and to Hold, All the aforegranted estate, property and easements, together with all and singular the rights, privileges and hereditaments thereunder belonging or appertaining unto the said F. H. Barkett and George Carum, their heirs, successors, and assigns, *for a term and period of 25 years from the date hereof at which time the estate, right and interest of the second parties in the minerals, lands and premises aforesaid shall cease.*"

and the last paragraph providing that:

"And it is hereby expressly declared that it is the true intent and purpose of this conveyance to pass to and vest in the said F. H. Barkett and George Carum an undivided ½ interest in all the mineral and mineral rights in the land first described herein, or that at any time may be found therein or thereunder, and all grantor's rights to operate for said minerals, and deal and contract with regard thereto, *for the full term and period of 25 years and no longer from the date hereof* including the leasing thereof, as fully to all intents and purposes as if the said grantees were the joint owners of the entire title and estate in said lands."

That part of the instrument which is italicized was written therein with a typewriter; the remainder was part of the printed form.

The grantees in the above instrument, together with the wife of one, filed this suit on September 2, 1950. The defendants were the then owners of the interest and estate formerly owned by the grantors in said instrument. The Peppers Refining Company, a corporation, although made a party defendant, was the oil and gas lessee of all the parties and occupied the position of a stakeholder, impounding the lessors' portion of the oil runs until final adjudication of their respective interests. The oil and gas lease to Peppers Refining Company was executed by the plaintiffs, Barkett and Carum, on October 13, 1947, for a primary term of five years and as long thereafter as oil or gas is produced. The property was drilled and at all times since June 28, 1949, has been producing oil.

It is plaintiffs' contention that because the lease was executed within 25 years from the date of the "Sale of Oil and Gas Royalty," they are entitled to receive the royalty provided for in said conveyance until the termination of the lease by cessation of production. Defendants, on the other hand, contend that plaintiffs' interest in the minerals and the royalty expired on September 8, 1950, 25 years from the date of the conveyance, by reason of its express provisions. The trial court rendered judgment for plaintiffs and defendants appealed. The facts are not in dispute. The sole question is one of law. It is the determination of the expiration date of plaintiffs' interest in the property under the provisions of the royalty conveyance.

In the interpretation of written instruments, the rules of law controlling are simple and well established in this jurisdiction. The difficulty lies in their application to each particular fact situation. In the case of First National Bank & Trust Co. of Tulsa v. Price, 204 Okla. 243, 228 P. 2d 623, it was held that:

"The intention of the parties to a deed must be ascertained, if possible, from its language, not as presented in particular sentences, clauses, or paragraphs, but to its effect when viewed as an entirety.

"Where the intention of the parties is clearly expressed by an explanatory clause incorporated in the habendum clause, or in a separate clause, the latter may control over the granting clause of the deed."

and in the more recent case of Meeks v. Harmon, 207 Okla. 459, 250 P. 2d 203, we said:

"* * * that every case must be approached for a concrete solution upon its individual facts. Absence of fraud

or mutual mistake and no claim of ambiguity made, we must look to the four corners of the instrument and from it alone weigh the quantity and quality of the conveyance."

Also:

"Under the provisions of section 5054 C.O.S. 1921 (15 O.S. 1941 §167) the written portions of a contract govern over the printed portions, in case of conflict." American Inv. Co. v. Davenport, 151 Okla. 184, 3 P. 2d 434; Witt v. Westheimer, 182 Okla. 645, 79 P. 2d 250.

The "Sale of Oil and Gas Royalty," hereinabove described in detail, when taken as a whole, is a conveyance of a one-half undivided mineral interest limited only as to duration by the written-in provisions. There is no ambiguity in the conveyance. The mineral interest was conveyed "for a term and period of 25 years (Sept. 8, 1925) the date hereof at which time the estate, right and interest of the second parties in the minerals, lands and premises aforesaid shall cease." It was clearly the intent of the parties that the grantees should be the owner of said mineral interest with the right to operate, deal and contract with regard thereto, "for the full term and period of 25 years and no longer from the date hereof."

Only one conclusion can be reached in interpreting this language. The mineral interest was conveyed to plaintiffs for the term of 25 years only, but any leases executed within that period did not expire at the same time. They continued in force subject only to the reversion of the royalty or mineral interest to the defendants herein. It is no different from the situation which would have obtained had defendants conveyed the minerals outright to plaintiffs with the provision that they would, at the end of 25 years, be reconveyed, subject to the rights of lessees, under the terms of existing leases. As to plaintiffs, at the end of said period, their interest and estates in the lands and their rights under the leases ceased. The rights of lessors to the benefits flowing from an oil and gas lease are not personal but inure to the owner of the minerals or of the royalty interest in those minerals if such royalty interest has been carved out of, and alienated from, the mineral estate. In the instant case that had not been done. The minerals had been conveyed. Twenty-five years later, they reverted burdened only by the outstanding leasehold estate.

"Oil and gas in place are minerals and so long as they remain unsevered from the soil they are a part of the realty." White v. McVey, 168 Okla. 19, 31 P. 2d 850, 94 A.L.R. 656; Local Federal Savings & Loan Ass'n v. Eckroat, 186 Okla. 660, 100 P. 2d 261.

So, too, the royalty interest (strictly speaking) is a part of the mineral interest, and when the 25-year estate granted to plaintiffs in the minerals expired or ceased, any interest in the royalties did likewise. All title and estate in the plaintiffs in the property came to an end on September 8, 1950.

The judgment is reversed and the cause remanded, with directions to enter judgment for defendants.

HALLEY, C.J., JOHNSON, V.C.J., and WELCH, CORN, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.