Shirley V. BARBER, Appellee,

v.

Morris F. FLYNN, Lula S. Flynn, Samuel Fulton Flynn, Wilmot Paul Flynn, and Mary Lou Flynn Holmes, Appellants.

No. 50288.

Supreme Court of Oklahoma.

Nov. 25, 1980.

Rehearing Denied June 12, 1981.

Perryman, Smith & Wright, Cheyenne, for appellee.

Tom J. Lee, Oklahoma City, for appellants.

PER CURIAM:

Appellants appeal from the trial court judgment quieting title in appellee to an undivided one-half interest in the minerals in a 40 acre tract described as SE/4 of SW/4 of Section 17, Township 12 North, Range 24 West of the I.M., in Roger Mills County, Oklahoma.

A consideration of the issues on appeal involves the following factual background. On April 27, 1929, W. B. Leslie executed a warranty deed conveying 80 acres described as S/2 of SW/4 of Section 17, Township 12 North, Range 24 West of the I.M., to R. N. Higgins, Jr. and C. D. Rowen. On December 27, 1929, Higgins and Rowen, joined by their wives, attempted a voluntary partition of one-half of the mineral interest by executing two mineral deeds. One-half the mineral interest under the SW/4 of SW/4 was conveyed to R. N. Higgins, Jr. One-half interest in the minerals under the SE/4 of SW/4 was conveyed to C. D. Rowen. Appellee bases her claim to an undivided one-half interest in the minerals under the SE/4 of SW/4 through this transaction.

Also, on December 27, 1929, R. N. Higgins, et ux., and C. D. Rowen, et ux., executed a warranty deed conveying the S/2 of SW/4 of Section 17, to S. F. Flynn. The habendum clause of this instrument contained this recitation:

"except two mineral deeds executed by the parties hereto to R. N. Higgins, Jr., and C. D. Rowen filed for record December 28, 1929, and recorded in Book 30, Page 622 and 623 respectively, records of Roger Mills County, Oklahoma, which mineral deeds convey one-half interest in and to all of the oil, gas and other minerals in and under said land, and one-half of all future rentals and leases and future events."

In March of 1930, S. F. Flynn and Cora L. Flynn, husband and wife, executed seven warranty deeds. Each deed conveyed an undivided fractional interest in S/2 of SW/4 of Section 17, to the following grantees: Eva Anderson 1/15; Harry L. Bruce 1/15th; T. D. Holcomb 1/15th; H. Smithey 1/15th; H. H. Williams 1/15th; C. C. Dugger 1/30th; Earl W. Easton 1/30th. In 1951 the Bruce interest was conveyed to H. H. Williams. The grantees, heirs and successors of these grantees are defendants.

On April 3, 1934, S. F. Flynn executed a warranty deed conveying his remaining undivided 9/15th interest in the S/2 of SW/4 of Section 17 to Cora L. Flynn, his wife. This deed also "excepted" the two mineral deeds referred to in the original deed naming Flynn as grantee. On October 19, 1956, Cora L. Flynn conveyed this undivided 9/15 interest to Morris F. Flynn, principal appellant, and Wilmot M. Flynn, as tenants in common. Wilmot M. Flynn died intestate on May 28, 1962, leaving as heirs at law his surviving spouse, Lula S. Flynn, and three adult children, Samuel F. Flynn, Wilmot Paul Flynn and Mary Lou Flynn Holmes.

Appellee filed suit to quiet title to an undivided one-half interest in the mineral estate under the SE/4 of SW/4 of Section 17. Appellee deraigned title under: (1) warranty deed from W. B. Leslie conveying the S/2 of SW/4 as described to R. N. Higgins, Jr., and C. D. Rowen; (2) mineral deed from R. N. Higgins, Jr., et ux., and C. D. Rowen, et ux., conveying an undivided one-half of the mineral estate under the SE/4 of SW/4 of Section 17 to C. D. Rowen; (3) final Decree in the probate of the Estate of C. D. Rowen distributing this undivided one-half interest to Alma Rowen; (4) mineral deed from Alma Rowen, nee Carroll, conveying this undivided one-half interest to appellee.

Appellant, Morris F. Flynn, answered denying the allegations of the appellee and by cross-petition deraigned his title as set forth above, admitted the allegations of the cross-petitioning defendants as to their fractional interests and asked judgment quieting his own title as against any claim of appellee.

Appellants take the position in their first proposition that the trial court erred in failing to make specific findings of fact and conclusions of law when rendering judgment, after timely request by appellants. The trial court found the deed from Higgins and Rowen to Flynn excepted or reserved and specifically set out two mineral deeds and, interpreting the deed as a whole, held the 20 acres involved was not conveyed. Declaring that he was seriously influenced by reference in the warranty clause to two previously recorded deeds, the trial judge stated:

"I would like to point out that in Exhibit 4, when Mr. S. F. Flynn did deed this property to Cora L. Flynn he also in this deed showed that two mineral deeds executed to R. N. Higgins, Jr., and C. D. Rowen and recorded, and referred to these same deeds *and at that time it shows that even Mr. Flynn did not think he received this particular mineral interest.*"

"Accordingly, I'm going to quiet title in plaintiff as prayed for."

Appellants again renewed the request for specific findings of fact and conclusions of law, and the trial judge stated:

"I specifically find it was the intention of the grantors in Exhibit 3, to except and reserve the one-half mineral interest, and they did not intend that it be a part of this conveyance."

"Does that meet with all of your requests, sir?"

\* \* \* \* \* \*

"That is the findings of fact by the Court."

While more specific and detailed findings would have been helpful in resolving the issues raised on this appeal, the finding by the trial court is sufficient to provide the losing party the basis for an appeal on that issue. *Moore v. Cavett,* Okl., 368 P.2d 224; *Walker v. Duncan,* Okl., 469 P.2d 647. Moreover, we note that more specific findings were not requested by appellants even after the trial court made specific inquiry concerning the sufficiency of the finding. By failing to call any omission to the trial court's attention, the right to question the sufficiency of the findings was waived. *Simpson Twp. v. Hill,* 40 Okl. 233, 137 P. 348; *State v. Moore,* 167 Okl. 28, 27 P.2d 1048, 1051. We feel that there has been no denial of appellants' substantial rights with respect to the request for specific findings of fact and conclusions of law.

Although we feel that the trial court sufficiently complied with the appellants' request for specific findings of fact and conclusions of law, it should be pointed out that assuming, *arguendo,* that there had been no such compliance, the issue is not properly before this court for the reason that it was not raised or assigned as error in the petition in error. Rule 1.16 of Rules of Appellate Procedure in Civil Cases requires, *inter alia,* that "the precise points of law to be urged as error" shall be set forth in the petition in error.

The rule that error argued in the briefs, but not set forth in the petition in error, will not be considered on appeal has been consistently followed by this court. *Bredouw v. Wilson,* 208 Okl. 393, 256 P.2d 421;

*Roberts v. Roberts*, Okl., 357 P.2d 980; *Martin v. Harrah Independent School District*, Okl., 543 P.2d 1370.

Appellants contend under their second proposition that the trial court committed error in construing an unambiguous deed by considering extraneous evidence to ascertain the grantor's intention. The "extraneous evidence" of which defendants complain consisted of the recitation in the deed admitted in evidence from S. F. Flynn to Cora L. Flynn excepting in the habendum clause the same two mineral deeds as described in the original deed to S. F. Flynn. The threshold issue here is whether the deed from which defendants deraigned title is in fact ambiguous. Only when a deed possesses an element of uncertainty may parol evidence of extraneous circumstances be proved to ascertain the true meaning of the instrument. *Coker v. Hudspeth*, Okl., 308 P.2d 291. An element of uncertainty manifestly exists with respect to the deed from Rowen and Higgins to Flynn in that the deed is dated December 27, 1929, while the habendum clause contains the recital:

> "Except two mineral deeds executed by parties hereto to R. H. Higgins and C. D. Rowen filed for record December 28, 1929, and recorded in Book 40, Page 622 and 623 respectively."

The inconsistency apparent from the reference to mineral deeds purportedly recorded *after* the date of execution of the deed in which they are referred to casts such doubt upon the intention of the parties and the effect to be given the instrument as to require resort to extraneous evidence in construction of the deed.

Further ambiguity requiring resort to extraneous evidence is apparent in that the language in question does not specifically and directly reserve a ½ mineral interest in favor of the grantors. However, the recital in the deed specifically refers to a book and page at which the deeds were purportedly on record, and further states:

> "Which mineral deeds convey one-half (½) interest in and to all of the oil, gas and other minerals in and under said land

and one-half (½) of all future rentals and leases and future events."

Having concluded the deed in question is ambiguous and that the trial court properly considered extraneous evidence in its construction, we now turn to the issue of whether the language in question is sufficient to reserve a one-half (½) interest in the oil, gas and other minerals in favor of the grantors.

It is well settled law in Oklahoma that where possible the intent of the grantor should be ascertained and given effect. *Greenshields v. Superior Oil Co.*, 204 Okl. 681, 233 P.2d 959; *First Nat. Bank & Trust Co. of Tulsa v. Price*, 204 Okl. 243, 228 P.2d 623. In an effort to ascertain the intent of grantors, the Court considered the recitation in the habendum clause of the deed, and the findings made reference to that recitation:

> "* * * the Court does find that the deed from C. E. Rowen to S. F. Flynn, which is Exhibit No. 3, excepted or reserved and did specifically set out two mineral deeds executed by the parties to R. N. Higgins and C. D. Rowen and gives the date of the recording. Therefore, because if you interpret the deed from the instrument as a whole, you will find that the twenty acres involved in this case was not conveyed."

To create a reservation it must appear from the instrument that the grantor intended to and by appropriate words expressed the intent to reserve an interest in himself, otherwise an exception must be construed as an exception to the warranty. *Rose v. Cook*, 207 Okl. 582, 250 P.2d 848. The placement of the clause by the grantors in the habendum clause is not determinative of the issue, for the intention of the parties, as expressed in a deed, is to be determined from the entire instrument without undue preference given to any part. Where the intention of the parties is expressed by an explanatory clause incorporated in the habendum clause, or in a separate clause, the latter may control over the granting clause of the deed. *First National*

*Bank and Trust Company of Tulsa v. Price,* supra.

In *Lahman v. Bassel,* Okl., 373 P.2d 245, the deed, following the description, contained the following recitation:

"Except One Half of all mineral rights which belongs equally One Half to S. E. Lahman and One Half of the One Half to Edgar Estus Lahman."

No other exception or reservation appeared in the deed. The Court reviewed the principles to be considered in interpreting a deed, and in holding that the above language was sufficient to constitute a reservation, quoted from *Burns v. Bastien,* 174 Okl. 40, 50 P.2d 377, noting that technical terms give way to manifest intent, and that the terms 'reserving' and 'excepting' are used interchangeably in deeds.

■ We find no error in the trial court's conclusion that the mineral interest of appellee was reserved by her predecessors in title.

■ Appellants urge that the deed to S. F. Flynn containing obvious inconsistencies in the date of execution, and the date of recording of the excepted deeds, makes the recitation a nullity. The deed was accepted by Flynn and recorded on April 15, 1930, some months after the date appearing on the deed and after the recording of the two excepted deeds. Thereafter, by exception contained in S. F. Flynn's deed to Cora L. Flynn, he recognized such reservation. No one was misled by the inconsistency in dates and, under the facts existing, we find no basis for reversal in this contention.

In the last proposition set forth in their brief, the appellants call attention to the cross-petition of Morris F. Flynn wherein he alleged that he acquired the interest of Lula S. Flynn, Samuel F. Flynn, Wilmot Paul Flynn and Mary Lou Flynn Holmes, heirs at law of Wilmot M. Flynn, under an unrecorded quit claim deed dated September 7, 1974. No such deed was produced, tendered into court, or placed into evidence. The record discloses that the heirs at law of Wilmot M. Flynn, deceased, entered an appearance and adopted the pleadings of Morris F. Flynn pursuant to appropriate motion. The judgment of the trial court, however, recites tender of a quit claim deed into court and decrees the interests of the heirs at law of Wilmot M. Flynn to be vested in the appellant, Morris F. Flynn. Appellants argue that this portion of the judgment is unsupported by the evidence and contrary to law. Appellee concurs with appellant's objection to this portion of the judgment of the trial court.

■ A trial court cannot determine matters not in evidence and could not determine the vesting of Wilmot M. Flynn's interest in Morris F. Flynn without the presence of the deed in evidence. Where a trial court's judgment in an equity case is clearly against the weight of the evidence, the Supreme Court will consider the entire record, weigh the evidence and cause to be rendered such judgment or decree as the trial court should have rendered. See *Mills v. Reneau,* Okl., 411 P.2d 516.

The finding and order of the trial court should be modified to reflect that a one-half interest in the undivided 1/10th interest in the oil, gas and other minerals in and under the said described real property held by Wilmot M. Flynn, deceased, as a co-tenant with Morris F. Flynn is now vested of record in the heirs at law of Wilmot M. Flynn, being Lula F. Flynn, Samuel Fulton Flynn, Wilmot Paul Flynn and Mary Lou Flynn Holmes. Any unrecorded quit claim deeds transferring said interest from the above listed heirs of Wilmot M. Flynn to Morris F. Flynn need only be placed of record to transfer this interest to him.

Appellants also argue in Proposition IV that the trial court made a mathematical error in determining that the appellant, Morris F. Flynn, owns only an undivided 1/10 th interest in the mineral estate. Appellants argue that the effect of the judgment quieting the title of certain other defendants below owning interests in the mineral estate was to decree to such defendants a total undivided 12/15ths interest. Appellants contend that the remaining 3/15th interest necessarily remained vested in Morris F. Flynn and the heirs at law of Wilmot M.

**1156**

Flynn, deceased, and that mathematical calculations show that in no event could appellants own less than an undivided 3/15th interest.

The trial court order, as modified, vested a one-half undivided interest in and to all of the oil, gas and other minerals in and under the described real property in appellee. The heirs and successors of H. H. Williams, deceased, were vested with a 2/15th interest in the minerals in and under said described real property. The heirs and successors of T. D. Holcomb, deceased, same person as T. D. Halcomb, deceased, were vested with an undivided 1/15th mineral interest. The heirs and successors of Earl Easton were vested with a 1/30th mineral interest. Eva Anderson was vested with an undivided 1/15th mineral interest. The heirs of H. Smithey were vested with an undivided 1/15th mineral interest. The trial court determined that an undivided 1/30th interest was vested in the heirs and successors of C. C. Dugger. The remaining interest is a 1/10th interest in the oil, gas and other minerals in and under said described real property which is vested in the heirs of Wilmot M. Flynn, deceased, and Morris F. Flynn, as co-tenants. The trial court was correct in determining appellants' fractional interest.

For the reasons herein stated, the judgment of the trial court, as modified, is affirmed.

FINIS C. GILLESPIE, Special C. J., DAVID L. FIELD, Special V. C. J., and JAYNE N. MONTGOMERY, WILLIAM W. MEANS, PRUDENCE LITTLE, EDWARD H. MOLER, JACK MATTINGLY, COY D. MORROW, and EARNEST W. SMITH, Special JJ., concur.