T.R. FORD and Mildred A. Ford, Appellants,

v.

Dorothy McCarty RAAB, Sam S. Riggs and Oneita M. Riggs, also known as Oneita McCarty Riggs and also known as Oneta McCarty Riggs, V.R. Neudorff, C.A. Fleetwood, also known as C.M. Fleetwood, Nell M. Fleetwood, Lelia Elizabeth Fleetwood Bixler, Amanda Payne Fleetwood Moore, Douglas S. Evans, S.R. Evans, Tenneco Oil Company, a corporation, Continental Oil Company, a corporation, Natomas North America, Inc., a corporation, Phillips Petroleum Company, a corporation, the unknown successors of M. McCarty, also known as Marcellus McCarty, Deceased, and of Annie B. McCarty, Deceased, Appellees.

No. 57540.

Supreme Court of Oklahoma.

Oct. 20, 1987.

Robert H. Warren, Warren, Ricks & Associates, P.C., Oklahoma City, for appellants.

Kenneth Heady, C.J. Roberts, Galen E. Ward, Charles J. Scharnberg, Oklahoma City, for appellee Phillips Petroleum Co.

HARGRAVE, Vice Chief Justice.

Plaintiffs appealed to the District Court of Beckham County for a decree quieting their title to the mineral estate of the SW/4 and SW/4 of the SE/4 of Section 26, T10N, R24W of that county. They deraign their title from a deed dated 1944. This deed was from M. and Annie McCarty. Immediately prior to executing this deed the McCartys owned the complete surface and mineral estate subject to a fifty-year term mineral interest in an undivided ½ of the minerals in the SW/4 of Section 26. This term mineral interest expired in 1978, fifty years from November 23, 1928. In the 1944 deed, while the property was still subject to the term interest, the McCartys deeded these 200 acres in fee to plaintiffs' predecessor in title, one Dewey Ford. The language of the deed's granting clause is absolute. However, the habendum clause of the warranty deed warrants the premises against encumbrances of any nature "save and except therefrom and (sic) undivided ½ of the mineral rights under said land". The entire warranty clause reads as follows:

TO HAVE AND TO HOLD said described premises unto said parties of the second part, their heirs and assigns forever, free, clear and discharged of and from all former grants, charges, taxes, and judgments, mortgages and other liens and encumbrances of whatsoever nature, save and except therefrom and (sic) undivided ½ of the mineral rights under said land.

Plaintiffs, T.A. and Mildred Ford, trace their interest to the grantee of the above deed, E.A. and V.A. Simmons, through Dewey Ford. The warranty deed from Simmons to Dewey Ford was executed in 1947 and contained no exceptions or qualifications. The deed from Dewey Ford to plaintiffs is also absolute, containing no exceptions. After the 1947 warranty deed was executed to plaintiffs' predecessor in title, the defendants received a deed conveying back to them the fifty-year term mineral interest in a conveyance dated 1948. Plaintiffs' chain of record title is consistently in fee and sufficient to convey all the title possessed by the grantee after the 1944 conveyance quoted above in this opinion.

This action was brought to determine the ownership of the minerals in the subject tract. Resolution of the issue depends upon the effect of the 1944 deed. Plaintiffs claim the deed conveyed the entire interest in the mineral estate subject to the fifty-year term interest. It is plaintiffs' position the exception in the habendum clause only excepted ½ of the minerals from the warranty against encumbrances, inasmuch as ½ of the minerals were encumbered by a term mineral interest. If that deed simply recognized this outstanding interest, then the grantee in that deed (plaintiffs' predecessor in title) was conveyed the unencumbered ½ of the minerals and the reversion in the other ½ which was subject to the term mineral interest. In such case plaintiffs' predecessor was possessed of, and conveyed to plaintiffs, the entire interest subject to the ½ mineral interest grant for a term of years. The term interest has expired, and thus, under the plaintiffs' theory, the title to all the minerals in the tract is vested in them.

The defendants contend the language in the 1944 deed excepts ½ of the minerals from the deed's grant. Thus all that was granted by M. and Annie McCarty to plaintiffs' predecessor was ½ of the minerals, while the other ½ interest in the minerals (which was subject to the term of years grant) was reserved in that instrument. The defendants are thus arguing that the exception in the habendum clause is suffi-cient to reserve unto their predecessors the reversion of the mineral estate, such mineral estate subject, at the time, to the grant for a term of fifty years.

In a trial to the court upon stipulations as to the above described state of the record title, the trial court held the 1944 deed to be ambiguous and stated in his memorandum order that subsequent instruments of record indicated that the deed's grantors intended an exception or reservation of the ½ of the minerals from the grant. The court thus held that, under the facts of the case, the plaintiffs could not establish they owned all the minerals in the 200–acre tract.

On appeal the temporary Court of Appeals held the rule applicable is that generally an exception in the habendum clause of a deed is an exception or reservation from the warranty and not from the grant expressed in the granting clause, unless there are express words which clearly show the intent of the grantor to create an exception from the grant or a reservation of some interest in the grantor, and not merely a limitation in the warranty citing *Schnelle v. McClure,* 330 P.2d 598 (Okl.1958), *Whitman v. Harrison,* 327 P.2d 680 (Okl.1958), *Jennings v. Amerada Petroleum Corporation,* 179 Okl. 561, 66 P.2d 1069 (1937), *Jarrett v. Moore,* 159 Okl. 93, 14 P.2d 390 (1932) and *Echolustee Oil Co. v. Johnston,* 153 Okl. 92, 3 P.2d 227 (1931). The appellees-defendants have sought and been granted a writ of certiorari.

The early cases from this jurisdiction treat exceptions in the habendum clause as exceptions from the deed's warranty only. Later the rule became less stringent and the intent of the parties was examined as the central consideration in a determination of the type and amount of property conveyed. *Barber v. Flynn,* 628 P.2d 1151 (Okl.1980), *Lahman v. Bassel,* 373 P.2d 245 (Okl.1962), *Hurst v. Byars,* 298 P.2d 407 (Okl.1956), *Peppers Refining Co. v. Barklett,* 208 Okl. 367, 256 P.2d 443 (1953), and *First National Bank and Trust Co. of Tulsa v. Price,* 204 Okl. 243, 228 P.2d 623 (1951). In cases where language in the habendum clause is held to determine the

interest granted, often the habendum clause contains explanatory matter in addition to solely language denoting an exception. This amounts to confirmation of the grantor's intent to reserve the interest from the grant. *Barber v. Flynn, supra,* and *First National Bank and Trust Co. of Tulsa v. Price, supra.*

■ The specific facts of this case involve the exception, not of a present interest in property, but of a reversionary interest remaining in the grantor after a fifty-year term mineral interest has been conveyed. The precise issue presented by this appeal then is what language in a deed is sufficient to reserve a *reversionary interest* in the grantor. This jurisdiction has consistently held that the rule to be applied in such situations is that a deed must clearly express a reservation in the grantor of the right of reversion or it will be deemed to have passed with the conveyance. *Kassner v. Alexander Drug Co.,* 194 Okl. 36, 147 P.2d 979 (1944), *Whitman v. Harrison, supra, Greenshields v. Superior Oil Co.,* 204 Okl. 681, 233 P.2d 959 (1951) and *Jarrett v. Moore, supra.* In *Kassner v. Alexander Drug Co., supra,* it was noted such a rule highly favored in the law, quoting from *Brown v. Bachelder,* 214 Cal. 753, 7 P.2d 1027 (1932). In Oklahoma the rule has found expression frequently in cases involving a reversion upon a determinable fee in instances where a grant is made for so long as the property is used for railway or for school purposes. *Kassner, supra. Cuneo v. Champlin Refining Co.,* 178 Okl. 198, 62 P.2d 82 (1936). *Jennings v. Amerada Petroleum Corp., supra, Oklahoma City v. Dobbins,* 189 Okl. 381, 117 P.2d 132 (1941).

The purpose of the rule requiring a clear expression in a deed of intent to except a reversionary interest from the grant is to promote unity of title in much the same way as 16 O.S.1981 § 29, which provides that "Every estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words". To the same end, 16 O.S. § 19 also shows an intent to facilitate

transfer of the grantor's entire interest in that it states in part "A warranty deed ... shall convey to the grantee ... the whole interest of the grantor in the premises described...."

■ The trial court allowed evidence in this cause as to subsequent transactions by the parties as evidence of the grantor's intent in the 1944 deed. The appellee contends admission of this evidence was correct. In support of the trial court's action, the appellee states the language in the habendum clause was ambiguous and that determination of ambiguity was supported by the record, for there is nothing within the four corners of the instrument to elucidate this language. This action of the trial court was clearly error. Refusing to admit such evidence was predicated as error in *Kassner, supra,* and the proposal of error was refused. There the appellant recognized the general rule that a deed must clearly express a reservation in the grantor of a right of reversion or it will be deemed to have passed with the conveyance, but sought to rebut the presumption with evidence. This Court noted it was erroneous to treat that rule as a mere evidentiary presumption.

> ... It is far more than that. It is a rule of conveyance, or of construction of conveyance, a fixed presumption, imposed by law, or a legal presumption and is so referred to in the above cited decisions. The rule comes into play when the conveyance is executed and delivered, so as to settle titles, which therefore need not wait suspended until testimony of intent is given years later....

The Court went on to say in *Kassner, supra,* that means of rebuttal must be gleaned from the four corners of the instrument itself and if a grantor desires to retain the right of reversion he must see to it that it clearly appears from the language of the conveyance itself the reservation was intended—the intent must be clearly expressed. The trial court erred in considering evidence outside the four corners of the questioned deed in order to find intent to resolve the reversionary interest here considered.

This requirement that reservation of reversion be clearly expressed in a deed transcends the issue of placement of the language in the habendum clause or the granting clause. Even granting clause language utilizing the term "except" has been stated to be insufficient to except a reversionary interest even though that language was held competent to except from the conveyance a present interest. *Lahman v. Bassel, supra.* This Court has required express language to sever a pre-existing reversionary mineral interest from the remaining fee estate in *Whitman v. Harrison, supra.* There the exception follows immediately after the description of the land and before the habendum clause. The Court quoted from *Kassner, supra,* the rule that the deed must clearly express the reservation in the grantor of the right of reversion or it will be deemed to have passed with the conveyance.

 The defendants correctly state that habendum clause language may express an intent to reserve a present interest from a conveyance so that the intent of the grantor clearly appears from the instrument. However, in the cause before the Court, the issue to be decided is whether the deed clearly expresses an intent to sever a reversionary interest from a conveyance of the balance of the fee. This Court has required such an intent to appear from the four corners of the instrument. The language employed here in the habendum clause—"except therefrom and (sic) undivided ½ of the mineral rights under said land" is insufficient as a matter of law to sever the reversionary interest in the minerals from the conveyance and reserve them unto the grantors. Thus the conveyance is held to transfer the reversionary interest to the grantee.

TEMPORARY COURT OF APPEALS OPINION VACATED; TRIAL COURT REVERSED; CAUSE REMANDED WITH INSTRUCTIONS TO ENTER JUDGMENT FOR THE PLAINTIFF.

HODGES, LAVENDER, SIMMS, WILSON and KAUGER, JJ., concur.

OPALA, J., concurs in part and dissents in part.

SUMMERS, J., dissents.

DOOLIN, C.J., disqualified.